JOHN SMITH v. PELLETIER DELAHOUSSAYE, Sheriff, and others.

After judgment signed, a new trial cannot be ordered, *ex officio*, by the court, in order to correct an error in the judgment. The remedy is by appeal.

Where a new trial has been granted after judgment signed, the clerk cannot disregard the order, and issue execution, though the court may have erred in allowing a new trial. He is but a ministerial officer, and has no right to take upon himself to decide whether a new trial was improperly granted or refused.

APPEAL from the District Court of St. Mary, *King*, J.

*W. C. Dwight*, for the appellant.

*Splane*, for the defendants.

MORPHY, J. Caroline McIntosh brought suit to recover certain slaves in the possession of John Smith, who called in his vendors, praying for a judgment against them in case of eviction. The case was tried by a jury, who gave their verdict in favor of the plaintiff for the slaves claimed, and their hire from the inception of the suit; and in favor of the defendant Smith, against his warrantors, for a sum of two thousand seven hundred and seventy-one dollars. It appears that the counsel for the plaintiff in drawing up the judgment for the signature of the judge, inadvertently omitted to embody in the decretal part of it, that

portion of the verdict, which assessed damages against the warrantors of the defendant. This omission having been suggested to the judge by Smith's counsel soon after judgment had been signed, he set aside the judgment, and ordered, *ex officio*, a new trial. These proceedings took place at the April term, 1843. In November following, the clerk of the court, at the instance of the plaintiff's counsel, issued an execution under the judgment which had been set aside. To arrest this execution the defendant Smith sued out an injunction, and now appeals from a judgment of the court below dissolving said injunction.

It is urged by the appellees' counsel that the judge of the District Court, after signing the judgment in favor of the plaintiff, had no right to alter or amend it, a judgment once rendered and signed being the property of the party in whose favor it has been given. This may be, and we believe is true. The correction, however, in this case would not in any way have affected or amended the judgment obtained by the plaintiff. It would have been only including in it a judgment against the warrantors, which article 385 of the Code of Practice requires to be rendered at the same time, and which was called for by the verdict. It appears that the judge, having doubts as to his power to correct the clerical omission pointed out to him in the judgment after he had signed it, called upon the gentlemen of the bar present to favor him with their views on the subject, when, after hearing an argument, he came to the conclusion that the only way in which he could revise his judgment, was by granting, *ex officio*, a new trial, which he accordingly did. The true remedy, in our opinion, would have been an appeal from the final judgment. It could have been amended in this court, so as to make it conform with the verdict of the jury, if the verdict itself was found to be correct. The judge, however, having set aside his judgment, and granted, *ex officio*, a new trial, the plaintiff in the case and the clerk of the court had no right to disregard the order of the judge, and treat it as a nullity, until it was set aside in a legal manner. The force and effect of the judgment rendered in the suit were suspended, and no execution could lawfully issue under it. The clerk is a ministerial officer, and is not to take upon himself to decide whether a new trial is im-

properly granted or refused. Neither party has enabled us, by an appeal, to revise either the final judgment rendered in the case, or the order setting it aside. The only question now before us, is the legality of the execution which the defendant has enjoined. We have no hesitation in saying, that the clerk was without authority to issue it. 5 La. 63.

It is, therefore, ordered, that the judgment of the District Court be reversed, and that the injunction originally granted be reinstated and made perpetual; the appellee to pay the costs in both courts.