8    92
110   269

---

## THE STATE *v.* THE JUDGE OF THE FOURTH DISTRICT COURT OF NEW ORLEANS.

No mandamus will be issued when the applicant has an adequate remedy by appeal.

IN the matter of *John Weisse,* praying for a Mandamus, in the case of *Weisse* v. *Magdaline Ginder,* his wife. *Upton,* for the applicant.

SLIDELL, J. John Weisse has presented his petition for a mandamus, accompanied by an affidavit and transcripts of certain records. He alleges that the

Judge of the Fourth District Court, of New Orleans, has committed a denial of justice, in refusing to sign a judgment duly rendered in his Court, and that no adequate remedy is left him except the writ of mandamus; that the transcripts, which he files, show the judgment in question was properly obtained, and that a subsequent *ex parte* judgment, rendered by the District Judge without lawful cause, should be set aside. Wherefore he prays a rule upon the District Judge, to show cause why a peremptory mandamus should not issue, commanding him to sign the first mentioned judgment, and why the *ex parte* decree should not be annulled.

THE STATE
*v.*
THE JUDGE OF THE 4TH DISTRICT COURT OF NEW ORLEANS.

The circumstances exhibited by the evidence, which accompanies the application, are as follows: In January, 1853, a judgment was rendered by the District Court for Jefferson, by which *Weisse* was separated from bed and board, in his suit against Magdaline; the community was dissolved, and the custody of their children was awarded to her. This suit was founded upon charges of the wife's misbehavior, her abandonment of the matrimonial domicil, &c.

On the 7th February, 1853, *Weisse* instituted, in the Fourth District Court of New Orleans, another suit against his wife. In his petition he alleges, that since several years, she had absented herself from his domicil, without lawful cause, &c.; and asks a decree of divorce. A judgment by default was taken, and on the 8th March, 1853, after hearing evidence, it was confirmed. It was decreed that the bonds of matrimony, between the plaintiff and his wife, be dissolved, and that she pay the costs of suit. Before this judgment had become final by the signature of the District Judge, the decree, rendered in the District Court of Jefferson, appears for the first time to have been brought to his notice; and on the 14th March, he, *ex officio*, caused to be entered an order, in which after reciting the decree in Jefferson, he declares his opinion that the institution of the suit in his Court was improper, and orders the judgment of divorce, rendered on the 28th March, to be set aside, and that the suit be dismissed at the plaintiff's costs.

Any present consideration of the merits of this controversy would be superfluous and premature. The sole question now before us is, whether a mandamus should issue as prayed for.

Considering the importance of the subject, and the frequency of such applications, we have taken pains, long since, to define the powers of this Court touching the writ of mandamus, and explain the circumstances under which it would be issued. It seems surprising then, at this late day, any misconstruction on the subject should exist. It is abundantly settled that this Court disclaims any general superintending control over the District Courts, and limits its summary actions to those cases where its interposition is necessary for the maintenance of its appellate jurisdiction. These principles were repeatedly recognized by our precedessors; and we considered them as resting upon a wise policy, and a sound exposition of the constitution under which our State has been governed. From those principles was naturally deduced the well settled rule that a *mandamus* will not be issued where the applicant has an adequate remedy by appeal. See *Succession of Macarty*, 2 Annual, 980.

Applying this rule to the case before us, it is obvious that the writ of mandamus ought not to issue. The judgment of 8th March, 1853, being unsigned, was incomplete. It was open to revision by application for a new trial, which the judge might even command *ex officio*. *Gale* v. *Kemper*, 10 Louis'a, 209;

THE STATE
v.
THE JUDGE OF THE
4TH DISTRICT
COURT OF NEW
ORLEANS.

*Smith* v. *Delahoussay*, 9 Rob., 50. His power also extends, not only to the setting aside an incomplete judgment, but to a dismissal of the cause. If this power be unduly exercised, the party who conceives himself injured has his remedy by appeal. It is not even suggested that the District Judge has refused to sign the judgment of dismissal, so as to put the plaintiff in a position to appeal; and this Court cannot presume he would refuse to do so.

Any consideration of the correctness or incorrectness of the judgment of dismissal, at the present time, would be obviously premature.

It is clear that there is no ground for a mandamus, as prayed for. The application is, therefore, dismissed, and the applicant is to pay the costs of the application.