No. 2764.—SUCCESSION OF MARIE AIMEE CARRABY, deceased.—On Opposition of INES PEYROUX to Account of Tutor.

A judgment that has been signed by the judge after the lapse of three judicial days from its rendition, can not be opened by a new trial. C. P. 558. The remedy of the party aggrieved in such a case is by appeal.

APPEAL from the Second District Court, parish of Orleans. *Duvigneaud,* J. *Charles Louque,* for appellants. *Charvet & Duplantier,* for appellees.

TALIAFERRO, J. The opponent obtained a judgment against Peyroux, tutor, on the fourteenth of April, 1869, which was signed on the nineteenth of that month. On the ninth of November following, Peyroux filed his application for a new trial, which was granted, and judgment was rendered on the second trial in January, 1870, dismissing the opposition and homologating the tutor's account. From this judgment and also from the order granting the new trial, the opponent has appealed. On hearing of the rule for a new trial, evidence was offered by the plaintiff in rule and objected to by the defendant, but was received by the court. The grounds of objection are embodied in a bill of exceptions, and are:

*First*—That a rule for a new trial can not be entertained after a judgment regularly rendered has been regularly signed, as was done in this case.

*Second*—That the judgment being final, a rule for a new trial was irregular, and that no evidence was admissible under it.

*Third*—That evidence can not be received touching matters concluded by the judgment.

Within three judicial days after the rendition of judgment, a party believing himself aggrieved by the judgment may pray for a new trial. C. P., art. 558. This right is not affected by a premature signing of the judgment. 5 N. S. 224; 4 An. 561; 6 An. 251; 20 An. 168. But when a judgment is signed after the delays prescribed by article 546 of the Code of Practice have expired, error in the judgment so signed can not be corrected by a new trial *ex officio;* the remedy is by appeal. 9 Rob. 50; C. P. 547; 6 L. R. 69. In the case before us, it seems the judgment was not signed until after the lapse of three judicial days. We think, therefore, the judge erred.

It is ordered, adjudged and decreed that the order granting the new trial and the judgment rendered thereupon and appealed from, be avoided and reversed; that the judgment first rendered by the lower court be recognized as in force, subject to such future action as may be legally taken in regard to it, the appellee paying costs in both courts.

Rehearing refused.