No. 7754.

STATE EX REL. ISIDORE NEWMAN VS. JUDGE SIXTH DISTRICT COURT.

The signature of the judge of the lower court, to a decree in which he grants a mandamus and perpetuates an injunction, affixed before the expiration of the three days allowed by law for a new trial, is premature; and he may on his own motion, any time before the lapse of those three days, order a new trial,

The decree of a court granting a mandamus is a final judgment, but it does not become final on its rendition.

APPLICATION for writs of mandamus and prohibition.

*Kennard, Howe & Prentiss, Cotton & Levy* for relator.
*James McConnell* for respondent.
*George S. Lacey, amicus curiæ.*

Kennard, Howe & Prentiss, Cotton & Levy, for relator, contended :

At this writing, February 2, 1880, the learned judge of the lower court has made no answer. We are therefore entitled to judgment without further discussion. State ex rel. Marin vs. Judge Fifth District Court, C. P. 843 ; 28 A. N. R.

I.   Under article 90 of the constitution of 1879, the former rule in regard to this court having only appellate jurisdiction has been done' away with, and this court has now the same supervisory control of inferior judges and jurisdictions as is exercised by the higher courts of England and the other States. This control may be exercised by " * * * prohibition, mandamus * * and other remedial writs." High on Extraordinary Remedies, section 781 ; 20 N. Y. 531 ; 7 Ala. 459 ; 4 Ala. 569 ; 34 Ala. 466 ; 46 Ala. 384 ; 18 Mich. 247 ; 19 L. 178.

II.   In his action in the premises, Judge Rightor exceeded his legitimate powers, *quoad* the particular matters complained of. The cause of mandamus before him was a *summary* one, and is so declared to be by the Code of Practice, Art. 786. According to this article it is to be tried and granted without going through the forms and delays of the ordinary action of article 146. By article 841, a simple order to show cause is to be granted. By article 843, if the answer to the rule is found insufficient, then a peremptory mandate shall issue, and if it be not obeyed an order of arrest and an imprisonment follow.

In such a case the judgment becomes final the moment it is rendered, and hence no new trial can be allowed. C. P. 786, 830 ; 18 A. 113.

III.  After a judgment granting a mandamus has been signed, it cannot be re-opened to admit an intervenor. C. P. 391 ; 6 L. 690 ; 4 A. 544 and 212 ; 19 A. 118.

James McConnell, contra, contended :

First—That the signing of a decree granting an injunction and a mandamus before the lapse of the three days after its rendition does not make the decree final, and hence that the judge might at any time within those three days grant a new trial, and permit the filing of an intervention. 5 A. 402 ; C. P. 547 ; 10 L. 209 ; 8 L. 80 ; C. P. 546 ; 30 A. 63 ; 24 A. 132 ; 20 A. 168 ; 5 N. S. 244 ; 4 A. 564 ; 6 A. 252 ; 5 A. 402 ; 26 A. 119 ; 23 A. 483.

Second—A mandamus case must be tried on the merits, on petition and answer, or return, such averments of the latter as are not disproved being taken as true. 5 A. 294 ; 15 A. 73 ; 31 A. 205.

Third—That this court will not, in a proceeding by *mandamus* and prohibition, inquire whether the order setting aside the judgment was proper or not ; that there is now no judgment of the district court in the case, and that this court will not by *mandamus* assume to control or direct the district court in regard to any orders or judgments heretofore rendered, or hereafter to be rendered, but will only examine .into the correctness of such orders or judgments on appeal, and will not assume, in the exercise of its supervisory jurisdiction over said court, to control its action upon any matters within its jurisdiction. C. P. 845 ; State vs. Judge, 12 M. 488 ; State ex rel. Turpin vs. Judge, 13 A. 481 ; State ex rel. Simmons vs Judge, 13 A. 485.

The opinion of the court was delivered by

WHITE, J.   The relator, representing himself to be the holder and owner of warrants drawn against the general fund, amounting to two hundred and seventeen thousand dollars, filed a petition asking writs of

mandamus and injunction against the Treasurer and Auditor ; of man-
damus against the Auditor, to compel him to place to the credit of the
general fund the sum of two hundred and sixteen thousand dollars, and
against the Treasurer, commanding him to pay therefrom the warrants
of the relator, with privilege over all other persons ; of injunction
against the Treasurer, enjoining him from paying any portion of the
sum to be transferred to the general fund to any other person than the
relator. The prayer was for, after due proceedings, the issuance of the
mandamus and the perpetuation of the injunction. The averments
upon which the right to relief was founded were that the warrants of
relator had been presented for payment and had been refused on
account of want of funds, when, in consequence of article 3 of the
constitutional-debt ordinance, there was in the treasury the sum of two
hundred and sixteen thousand dollars applicable to the payment of the
general expenses of the government, and therefore belonging to the
general fund, against which the warrants of the relator were drawn. A
rule *nisi* and preliminary injunction issued on the 19th January, the
rule having been made returnable on the 22d, and on the 23d a decree
was rendered making the alternative rule absolute and perpetuating the
injunction. On the same day the court *ex officio* granted a new trial,
and allowed the filing of an intervention, the issue now before us
being a prayer for writs of prohibition and mandamus ; of mandamus
to compel the vacating of the order granting the new trial, and of pro-
hibition to prevent the trial of the intervenor. Divesting the case of
all unnecessary issues, the simple question is, was the signature of the
judgment premature ; and if so, until the expiration of the three days
allowed by law for a new trial, had the judge the legal right, after signa-
ture and before the lapsing of three days, of his own motion, to order a
new trial ? We say divesting the case of irrelevant issues, because we
are clearly not now called upon to express any opinion as to the correct-
ness of the judgment obtained by the relator, and because if the power
existed to grant the new trial it is wholly immaterial what reason
operated to bring about the exercise of the power. That a judgment
signed before the expiration of the three days allowed for the applica-
tion for a new trial is for the purposes of the new trial, and until the
three days have run, in legal intendment not signed at all, is no longer
an open question. Gardere vs. Murray, 5 N. S. 244 ; McWillie vs. Per-
kins, 20 A. 168. It is equally well settled that where a case is open for
a new trial the court may order to that end of its own motion. C. P. 547.

These elementary propositions we take as not disputed in the brief
of counsel, which seeks to avoid the consequence to result from their
application by contending that the judgment on the mandamus being
summary did not require the three days to make it definitive, and there-

fore it became final on its rendition. Conceding the correctness of the proposition for the purposes of the case only, the judgment below not only issued the mandamus, but it likewise perpetuated the injunction ; in which last respect it was clearly a definitive judgment, as to which the delays for a new trial were undoubtedly requisite.

There was one judgment, not two ; and the correction of error in any portion rendered a new trial necessary as to the judgment in its entirety. Whipple vs. Hertzberger, 11 A. 475. But we do not concede that a judgment on a mandamus is such a decree as to become final on its rendition. That it is a final judgment has been determined. 24 A. 133. The mere fact that the proceeding is summary does not make the judgment in which the proceedings culminated a summary docket. In the absence of positive provision of law, we would be without authority for treating a final judgment rendered in a mandamus proceeding differently from other final judgments.

The rules are discharged, and the writs refused at the cost of relator.