DASTUGUE v. COHEN, ET ALS.

---

(April 9, 1928. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Injunction—Par. 87, 101; Appeal—Par. 110, 113.**
An appeal from an order refusing to permit defendant to bond a preliminary injunction is properly denied when the case has been tried on its merits and judgment rendered by consent of all parties in interest perpetuating the preliminary injunction.

Action by M. F. Dastugue et als. against Walter Cohen et als.

Alternate writ of mandamus recalled.

W. O. Hart, of New Orleans, attorney for relator.

WESTERFIELD, J. Relator seeks by mandamus to compel the Judge of Division "E" of the Civil District Court to grant an appeal from an order refusing to permit him to bond an injunction. It is alleged that the injunction is temporary and relator's right to bond absolute; C. P. 307; Barthe vs. Judge, 28 La. Ann 903; Doullert vs. Judge, 29 La. Ann. 869.

The respondent Judge justifies his refusal to grant the appeal upon the ground that Art. 307 C. P. permits defendant to bond, in the discretion of the court only when the act prohibited by the injunction would not work irreparable injury, which is not true, he avers, in this case, and upon the further ground that the preliminary injunction was made perpetual in a judgment prepared by counsel for all parties in collaboration, and at the particular request of counsel for relator. We quote from the Judge's return the following:

"It was agreed by all parties at interest that the cases be tried on the merits, as well as on the rule for preliminary injunction, and that the judgment would be rendered accordingly; and the cases were so tried."

"After hearing the pleading, the evidence and the argument of counsel, your respondent was of the opinion that the plaintiffs were entitled to a judgment protecting them in the possession and occupancy of their respective offices until such time as the defendants should establish their right to the offices in proper legal proceedings, and such judgment was rendered. Upon inspection of the judgment, as prepared by counsel for plaintiffs, counsel for defendants desired that same show that the preliminary injunction was granted and then that same had been perpetuated, and counsel for plaintiffs inserted in said judgment the clause suggested by counsel for defendants as meeting his views in that regard; whereupon the judgment was signed."

The accuracy of this statement is not challenged by counsel for relator. It therefore appears that the preliminary injunction, which relator seeks to bond was,

after a trial upon the merits, made perpetual by consent and at the express stipulation of counsel for defendant, relator.

It is said that the judgment is not final, because signed prematurely and before delays for application for new trial had elapsed, citing Succ. of Corbury, 23 La. Ann. 110; Newman vs. Judge, 32 La. Ann. 207.

We concede the rule to be as counsel states it, but it can have no application where, as is the case here, the judgment is prepared and consented to by counsel for all parties in interest.

For the reasons assigned the alternate writ of mandamus heretofore issued is recalled at relator's cost.