246 So.2d 183

**C. L. MORRIS and E. J. Green, Jr.**

**v.**

**TRANSTATES PETROLEUM, INC., C. C.**
**Olmstead, et al., Intervenors.**

**No. 50543.**

March 29, 1971.

Horace M. Bickham, Jr., Vivian, for intervenors-applicants.

Shuey, Smith & Carlton, John M. Shuey, Shreveport, for plaintiff-respondent.

SUMMERS, Justice.

C. L. Morris and E. J. Green, Jr., instituted this suit against Transtates Petroleum, Inc., seeking judgment on a promissory note, interest, attorneys' fees and recognition of the privilege due on other notes pledged as security. Judgment was rendered on October 23, 1968 in favor of Morris and Green for $35,944.50, plus interest and attorneys' fees and recognizing plaintiffs' pledge and privilege. The pledged notes were sold by the sheriff, and the sum of $25,598.39 realized therefrom was applied in partial satisfaction of the principal obligation. Thereafter a writ of fieri facias issued to enforce the deficiency, and a Franks Single Pole Pulling Machine mounted on a 1958 Chevrolet 1½ ton truck in Transtate's possession was seized. This movable oil field equipment had been used by Transtates in maintenance and workover oil well operations. Public sale by the sheriff of the pulling machine was scheduled for December 18, 1968.

On December 17, 1968, the day prior to the sheriff's sale, Christopher C. Olmstead, Margaret L. Olmstead, Anthony S. Morris, Sr., Walter G. Robinson and Jennie Loyd Kinnard intervened claiming ownership of the seized pulling machine by virtue of alleged sale transactions with Transtates. Availing themselves of the provisions of Article 1092 of the Code of Civil Procedure,[1] intervenors sought a restraining order and injunction prohibiting the sale pending adjudication of their claim of ownership.

On these representations a temporary restraining order was signed and a rule nisi served on Morris, Green and the sheriff to show cause why a preliminary injunction should not issue restraining the sheriff's sale.

Morris and Green answered the petition for intervention denying that the alleged

---

1. La.Code Civ.P. art. 1092:

"A third person claiming ownership of, or a mortgage or privilege on, property seized may assert his claim by intervention. If the third person asserts ownership of the seized property, the intervention may be filed at any time prior to the judicial sale of the seized property, and the court may grant him injunctive relief to prevent such sale before adjudication of his claim of ownership.

"If the third person claims a mortgage or privilege on the property seized, the intervention may be filed at any time prior to the distribution by the sheriff of the proceeds of the sale of the seized property, and the court may order the sheriff to hold such proceeds subject to its further orders; and when filed prior to the judicial sale, the court may further order the separate appraisement and sale of the property on which the intervener claims a mortgage or privilege.

"An intervener claiming the proceeds of a judicial sale does not thereby admit judicially the validity, nor is he estopped from asserting the invalidity, of the claim of the seizing creditor."

transactions conveyed ownership of the pulling machine to intervenors. They alleged, instead, that intervenors' transactions with Transtates were for security purposes only and title to the pulling machine remained in Transtates, the seizure was proper and the sheriff's sale should proceed.

The matter came for trial on May 2, 1969 on the rule to show cause why a preliminary injunction should not issue. By stipulation it was recognized that Green, having purchased Morris' interest, was then the sole plaintiff in suit.

The trial judge rendered his decision on October 15, 1969, and, in written reasons, expressed the opinion that the transactions relied upon by intervenors to support their claim to ownership of the pulling rig were not sales but merely obligations to repay sums of money. The formal judgment dated October 22, 1969 was cast in these words:

> This cause having regularly come on for trial on the rule to show cause why a preliminary injunction should not issue herein, evidence having been introduced in the form of affidavits and the testimony of witnesses, counsel for both plaintiff and intervenors being present, the law and the evidence being in favor thereof for the reasons assigned in a written opinion filed herein on October 15, 1969:

> It is ordered, adjudged and decreed That there be judgment herein in favor of the plaintiff and against the intervenors rejecting the intervenors' demands at their costs.

> It is further ordered That the temporary restraining order issued herein on December 17, 1968 be dissolved and that the preliminary injunction requested be refused.

> Judgment rendered the 15th day of October, 1969 and read and signed this 22nd day of October, 1969.

Intervenors filed a motion for a new trial on October 24, 1969 which was denied on November 5, 1969. Green then asserted a reconventional demand by supplemental answer claiming damages and attorneys fees for the wrongful issuance of the temporary restraining order.

On November 12, 1969 intervenors moved for a suspensive appeal which was denied; however, a devolutive appeal was granted, returnable on January 5, 1970. Intervenors then gave notice that they would apply for writs of certiorari, mandamus and prohibition. As a result the trial court granted a stay order for ten days on condition that the advertisements of the property under seizure proceed as scheduled.

In their application for writs to the Court of Appeal, Second Circuit, intervenors sought to invoke that Court's supervisory jurisdiction, asserting that unless the

proceedings were stayed irreparable injury would ensue by reason of the trial court's order refusing to grant a preliminary injunction, and its refusal to grant intervenors a suspensive appeal from that order, for the sale would occur before a devolutive appeal could be heard.

Acting on this application the Court of Appeal granted writs with stay order directing the trial judge to show cause on or before January 6, 1970 why the relief prayed for should not be granted. Green then moved to recall the writs and dissolve the stay order representing that the trial court order of October 22, 1969 dissolving the temporary restraining order and denying the preliminary injunction had become final because no timely appeal was perfected.

Green's motion to recall was based upon Article 3612 of the Code of Civil Procedure [2] which requires that an appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. Green con-

tended the motion for the suspensive appeal was untimely for it was made on November 12, 1969 and the appeal bond furnished November 19, 1969, more than fifteen days from October 22, 1969, the date of the order denying the preliminary injunction. It was also alleged that although the Court of Appeal has supervisory jurisdiction, where appeals are permitted, no writ can be granted in a matter for which the law has prescribed a delay for appeal and that delay has been allowed to run.

On the other hand, intervenors contended that the order of the trial court was a final judgment on the merits of the case and not a mere order "relating to a preliminary injunction." Thus, intervenors argued, the delays applicable to final judgments control, and the suspensive appeal filed on November 12, 1969 (appeal bond having been furnished on November 19, 1969) was within the fifteen day delay allowed after refusal of the application for new trial on November 5, 1969, all as provided for by Article 2123 of the Code of Civil Procedure.[3]

2.  La.Code Civ.P. art. 3612:
      "There shall be no appeal from an order relating to a temporary restraining order.
      "An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction, but such an order or judgment shall not be suspended during the pendency of an appeal unless the court in its discretion so orders.
      "An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within

fifteen days from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided.
      "Except as provided in this article, the procedure for an appeal from an order or judgment relating to a preliminary or final injunction shall be as provided in Book III."

3.  La.Code Civ.P. art. 2123:
      "Except as otherwise provided by law, an appeal which suspends the effect or

On these issues the Court of Appeal found that it lacked jurisdiction. Accordingly, the writs were recalled and damages, in an amount to be determined by the trial court, were recognized to be due for the improvident issuance of writs on intervenor's application. The case was remanded to the trial court for appropriate disposition. 234 So.2d 243. Intervenors made timely application for rehearing which was denied on March 31, 1970. Application to this Court for review was granted.

■ The ruling of the Court of Appeal was correct. The minutes of Court of October 22, 1969 show "Judgment on rule read, signed and filed." The written reasons for judgment on the rule state, "Thereafter the rule to show cause as to why a preliminary injunction should not issue was heard  *  *  *." The formal judgment disposing of the matter recites, "This cause having regularly come on for trial on the rule to show cause why a preliminary injunction should not issue herein  *  *  *." and the formal judgment further decrees, "That the temporary restraining order issued herein on December 17, 1968, be dissolved and that the preliminary injunction requested be refused."

Intervenors correctly assert that the reasons for judgment contain a careful analysis of their claim to ownership of the pulling machine. For this reason they say the judgment was a final judgment on the merits. We do not agree. Intervenors' claim of ownership was likewise the basis of the motion for preliminary injunction and it was necessary that the issue be determined in order to decide the motion for preliminary injunction. The fact that the merits of intervenors' claim may be affected by the issues resolved in the hearing does not alter the character of the proceeding as a rule for preliminary injunction.

■ Since the controverted judgment was a "judgment relating to a preliminary injunction," an appeal "must be taken and a bond furnished within fifteen days from the date of the order or judgment" as Article 3612 of the Code of Civil Procedure requires. Having failed to appeal timely, intervenors may not assert rights upon which a timely appeal depends by an application to the Court of Appeal for review under its supervisory jurisdiction after the delays for appeal have expired. For the Courts of Appeal to grant supervisory jurisdiction under these circumstances would render

the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within fifteen days of:

"(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;

"(2) The court's refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or

"(3) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914."

laws prescribing delays and procedure for appeals meaningless. Such a procedure would moreover impair the finality which attaches to judgments and the vested interests which accrue once the delays for appeal have elapsed.

And we cannot count the fifteen day delay for appeal from the day the motion for a new trial was denied. Although Article 2123 of the Code of Civil Procedure, which intervenors invoke, prescribes a fifteen day delay for a suspensive appeal from "The Court's refusal to grant a timely application for a new trial," the delays incident to applications for new trials have no reference to the fifteen day delay for perfecting an appeal from an order or judgment relating to preliminary injunction under Article 3612. Article 3612 on its face provides that the delay for appealing from an order or judgment relating to a preliminary injunction "must be taken and a bond furnished *within fifteen days from the date of the order or judgment.*" (Emphasis added.) There are no exceptions to the mandate in this article, and there is no reference to applications for new trials suspending the time provided for appeal.

The articles regulating new trials (La. Code Civil P. arts. 1971, et seq.) pertain to cases which have been tried on the merits, and the articles have no relation to interlocutory orders such as orders or judg-ments bearing on preliminary injunctions which are only rendered during the course of the proceeding and before final judgment. See Rivers & Rails Terminals v. Louisiana Ry & Nav. Co., 160 La. 931, 107 So. 700 (1926) and State ex rel. Newman v. Judge Sixth District Court, 32 La.Ann. 207 (1880). See also Allen v. California Mut. Building & Loan Ass'n, 40 Cal. App.2d 374, 104 P.2d 851 (1940), recognizing that an order ruling on a motion may not be reviewed on a motion for a new trial. The proposition is further illustrated by the holding in Dye v. Alexander, 195 Ga. 676, 25 S.E.2d 419 (1943), that rulings on pleading and interlocutory judgments when preserved by exceptions pendente lite cannot be made grounds for a motion for a new trial.

For these reasons we hold that the delays for appeal from the judgment denying a preliminary injunction were not held in abeyance while intervenors' motion for a new trial was under consideration. To the contrary, the fifteen day delay prescribed by Article 3612 for appeal tolled from the day the judgment was rendered denying the preliminary injunction on October 22, 1969, and the appeal perfected by intervenors on November 19, 1969 was not timely. There is no provision in law for a devolutive appeal in this case. Thus the motion to recall the writs issued by the Court of Appeal to review the trial court judgment was properly granted.

Accordingly, we remand the case to the trial court to be proceeded with in accordance with law and the reasons assigned herein. It does not appear that the trial court has passed upon Green's reconventional demand for damages. On remand, therefore, the trial court will decide plaintiff Green's entitlement to damages claimed in Green's reconventional demand on account of the wrongful issuance of the temporary restraining order; the trial court will also determine the quantum of damages to which we find Green is entitled by virtue of the intervenors' application for writs to the Court of Appeal.

DIXON, J., recused, having participated in this case in the Court of Appeal.