419 So.2d 1276 (1982)
Elmer CHAUVIN, Jr.; Stephen Christofferson; Raphael Collins; O'Niel Bascle, Jr.; Leroy Carpenter; Keith Chauvin; Annie Lorene Hebert Roberts; Gary J. Moore; Stephen J. Wallis; Claude Kern Pirtle; Glenn P. Pellegrin; Robert Chouest; Linard Lyons; and Jimmy Creppell
v.
Kenneth Paul MATHERNE, d/b/a Le Visage Rouge Mobile Home Park and Carl Heck, Jr., d/b/a Century 21Acadia Realty & Development Co., Inc.
No. 82-CA-0361.
Court of Appeal of Louisiana, First Circuit.
August 24, 1982.
*1277 Robert J. Prejeant, Houma, for plaintiffs and appellants.
Stephen E. Caillouet, Thibodaux, for defendants and appellees.
Before LOTTINGER, EDWARDS and SHORTESS, JJ.
EDWARDS, Judge.
Defendant-appellee has moved for dismissal of plaintiffs' appeal on the ground that it is untimely.
On August 3, 1981, plaintiffs, numbering 14 persons in all, filed a petition against defendants seeking a temporary restraining order, preliminary injunction and permanent injunction. Plaintiffs sought to prohibit defendants from constructing a trailer park in a particular subdivision. The requested temporary restraining order was signed by the district judge on August 4, 1981.
One of the defendants, Matherne, filed various exceptions as well as a rule to dissolve the temporary restraining order and for damages. On August 31, 1981, a hearing was held on defendant's exceptions and rule. On September 1, 1981, the trial court rendered and signed a judgment in favor of defendants dissolving the temporary restraining order and dismissing "the preliminary injunction instituted by the plaintiffs." Additionally, the plaintiffs were held liable to Matherne for damages resulting from wrongful issuance of the temporary restraining order. Notice of judgment was served on plaintiffs' attorney on September 2, 1981.
On September 30, 1981, plaintiffs filed a motion for a new trial. On December 29, 1981, the trial court, by written judgment, dismissed plaintiffs' motion on the ground that it was not timely filed.
On February 18, 1982, plaintiffs filed a motion for devolutive appeal of the September 1, 1981, judgment. Defendant-appellee, Matherne, has moved to have that appeal dismissed on the ground that it is not timely.
At the outset, we note that the judgment appealed consists of three distinct parts: (1) dissolution of the temporary restraining order; (2) dismissal of the preliminary injunction suit; and (3) money judgment for damages.
Appeals from judgments involving temporary restraining orders and preliminary injunctions are governed by LSA-C.C.P. art. 3612, which provides as follows:
"There shall be no appeal from an order relating to a temporary restraining order.
"An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction, but such an order or judgment shall not be suspended during the pendency of an appeal unless the court in its discretion so orders.
"An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided.
"Except as provided in this article, the procedure for an appeal from an order or judgment relating to a preliminary or final injunction shall be as provided in Book III."
Under the clear provisions of the above article, "[t]here shall be no appeal from an order relating to a temporary restraining order." Thus, that portion of the district court's judgment which dissolved the temporary restraining order is not appealable.
It is equally clear that the portion of the judgment dismissing the preliminary injunction suit was not appealed timely. Under LSA-C.C.P. art. 3612, a judgment relating *1278 to a preliminary injunction must be appealed within fifteen days from the date of judgment. An untimely motion for new trial has no effect upon the running of appeal delays set forth in LSA-C.C.P. art. 3612. Morris v. Transtates Petroleum, Inc., 246 So.2d 183, 258 La. 311 (1971); Cuccia v. Bozeman, 316 So.2d 800 (La.App. 4th Cir. 1975). As noted above, the judgment appealed was rendered September 1, 1981. Inasmuch as the order of appeal was not filed until February 18, 1982, it is manifestly obvious that the appeal, with regard to dismissal of the preliminary injunction suit, was not within the fifteen-day appeal delay period.
The only remaining portion of the appealed judgment is the trial court's award of damages to Matherne for wrongful issuance of the temporary restraining order. The law with regard to appeal delays for such a judgment is set forth in LSA-C.C.P. art. 2087 as follows:
"Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:
"(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
"(2) The court's refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
"(3) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
"When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any party may take a devolutive appeal therefrom within the delays allowed in the first Paragraph of this Article or within ten days of the mailing by the clerk of the notice of the first devolutive appeal in the case, whichever is later."
In the instant case, judgment was rendered and signed on September 1, 1981, and notice of judgment was served on appellants' attorney on September 2, 1981. The motion for new trial was not filed until September 30, 1981. LSA-C.C.P. art. 1974 provides for a seven-day delay, exclusive of legal holidays, for applying for a new trial. Plaintiffs' motion for new trial was not timely because it was filed after the seven-day delay period, which expired on September 14, 1981. Since the motion for new trial was untimely, it did not affect, interrupt or extend the delay for appealing. Willie v. Otasco, 351 So.2d 844 (La.App. 1st Cir. 1977).
Therefore, under authority of LSA-C. C.P. art. 2087, the appeal delay began to run upon the expiration of the time to apply for a new trial, on September 14, 1981. The appeal delay expired 60 days later, on November 13, 1981. The motion for appeal, filed February 18, 1982, was untimely.
In opposing the motion to dismiss, appellants note that seven of the plaintiffs were dismissed by ex parte order of the trial court on August 21, 1981, but that the September 1, 1981, judgment for damages was rendered against them as well as the seven remaining plaintiffs. The argument is made that their attorney could no longer serve as counsel of record for parties who had been dismissed and, therefore, each of these plaintiffs should have been personally served with notice of judgment. Plaintiffs contend that the delay for appeal never commenced to run since these seven were not personally served with notice of judgment.
The motion and order signed on August 21, 1981, is ambiguous. The motion requests dismissal of the seven "parties-plaintiff" because they were not available to sign an increased bond which the trial court required as surety for the previously issued temporary restraining order. However, the order dismisses the seven persons without designating their capacity. Reading the motion and order together, it is obvious that the parties named therein were dismissed in their capacity as plaintiffs.
*1279 Matherne filed his rule to dissolve the temporary restraining order and for damages on August 17, 1981, prior to the dismissal of the seven plaintiffs. Service was made on all of the plaintiffs through their attorney. Matherne's request for damages is an incidental demand in the nature of a reconventional demand. LSA-C.C.P. art. 1031. The effect of the dismissal of a plaintiff in the main demand upon the incidental demand is regulated by LSA-C.C.P. art. 1039:
"If an incidental demand has been pleaded prior to motion by plaintiff in the principal action to dismiss the principal action, a subsequent dismissal thereof shall not in any way affect the incidental action, which must be tried and decided independently of the principal action."
Since Matherne's incidental demand had already been pleaded, the dismissal of the seven "parties-plaintiff" had no effect upon their status as plaintiffs in reconvention. Therefore, service of the notice of judgment upon plaintiffs' attorney, who remained their attorney of record, served to commence running of the delay for appeal.
For the reasons assigned, appellants' appeal is dismissed at their costs.
APPEAL DISMISSED.