PER CURIAM.
The father’s application for writs in this action to reduce URESA child support is denied.
An applicant may not seek the exercise of our supervisory jurisdiction to review a judgment of a district court after the delays for appealing that judgment have elapsed. “For the courts of appeal to grant supervisory jurisdiction under these circumstances would render laws prescribing delays and procedure for appeals meaningless.” Morris v. Transtates Petroleum, Inc., 258 La. 311, 246 So.2d 183, 186 (1971).
The judgment the applicant complains of rejected his demands to reduce monthly child support which he was previously ordered to pay under LRS 13:1641 et seq., URESA. This judgment was signed January 24, 1983. The delay for an appeal of that judgment expired before complainant’s application for supervisory writs was filed on March 28, 1983. See Verrett v. Verrett, 397 So.2d 840 (La.App. 4th Cir. 1981), CCP Arts. 3942, 3943.