MOTION TO DISMISS
KNOLL, Judge.
The plaintiffs-appellees, Linda V. McCob-bie, Bobby R. McCobbie, individually and on behalf of their minor son, Marques Ju-Juan McCobbie, move to dismiss the devol-utive appeal of the defendants-appellants, William Rodney Hyatt and Alexandria An *1206 esthesia Service, on the ground that the defendants have no right to appeal.
The defendants appeal the July 11, 1985 judgment of the trial court dissolving the medical review panel instituted to evaluate the medical care given to Marques JuJuan McCobbie by certain medical providers.
The plaintiffs contend the defendants have no right to appeal as the trial court, on March 26, 1985, denied the defendants’ exception of prematurity by ruling that the defendants were not entitled to a medical review panel as they were not participants under the Louisiana Medical Malpractice Act, LSA-R.S. 40:1299.41 et seq.
The defendants applied for supervisory writs, from the March 26, 1985, ruling, which this Court denied on the ground that the judgment was an appealable interlocutory judgment whose appeal time had passed when the writ application was taken.[1]
The defendants also moved for a devolu-tive appeal from the March 26, 1985 judgment which was denied by the trial court. On application for supervisory writs, this Court found that the trial court erred in denying the defendants’ motion for appeal, but denied the defendants’ writ application on the ground that the appeal was not timely moved for.[2] The Supreme Court affirmed this Court’s decision by denying the defendants’ application for writ of cer-tiorari and/or review. McCobbie v. St. Frances Cabrini Hospital of Alexandria, 478 So.2d 146 (La.1985). However, after a rehearing, the Supreme Court reversed this Court’s ruling, reinstated the appeal and remanded the matter for further proceedings. McCobbie v. St. Frances Cabrini Hospital of Alexandria, 478 So.2d 1227 (La.1985). On remand, this Court ordered the trial court to grant the defendant a devolutive appeal.
Therefore, as the defendants have a right to appeal the March 26, 1985 judgment, which held the defendants were not entitled to a medical review panel as they were non-participants under the Louisiana Medical Malpractice Act, LSA-R.S. 40:1299.41, the defendants have a right to appeal the July li, 1985 judgment which dissolved the medical review panel. Accordingly, the plaintiffs’ motion to dismiss the defendants’ appeal is denied at plaintiffs’ cost.
MOTION DENIED.

. WRIT NOT CONSIDERED: The judgment complained of is an appealable interlocutory judgment, whose appeal time had passed when this writ application was taken. Head v. Erath General Hospital, Inc., 458 So.2d 579 (La.App. 3rd Cir.,1984). This court will not entertain any writ application filed after the expiration of delays afforded in cases of appeal. Morris v. Translates Petroleum, Inc., 258 La. 311, 246 So.2d 183 (1971) and Jacobsen v. Ryder Truck Rentals, Inc., 421 So.2d 436 (La.App. 1st Cir.,1982), writ denied 423 So.2d 1164 (1982). Court of Appeal, Third Circuit, No. 85-771, September 11, 1985.

. WRIT DENIED: The trial court was in error when it denied Relators' Motion for a Devolu-tive Appeal. The Court of Appeal is the sole judge of its jurisdiction and requests for a motion of appeal should be granted regardless of the trial court’s opinion as to the appealability of the judgment. However, we will deny the writ, for the reasons that the trial court was correct in its conclusion that the Relators’ time for appeal began to run on March 16, 1985, and, therefore, the Relators’ appeal was not timely moved for.
Court of Appeal, Third Circuit, No. 85-809, September 11, 1985.