EDWARDS, Judge.
Defendants appeal a decision in favor of plaintiff, holding that an earlier judgment obtained by defendant, against plaintiff, was a nullity based on fraud and ill practices of defendant and her attorney. We agree with the trial court and affirm.
In 1973, plaintiff (Mr. Lusk) and defendant (Mrs. Lusk) were married and thereafter had three children. In 1979, the parties physically separated and Mr. Lusk filed suit for separation based on his wife’s cruelty; she answered and reconvened alleging habitual intemperance of Mr. Lusk. While this suit was pending, the trial court granted Mrs. Lusk custody of the children and awarded her child support of $100.00 per week.
As one year had passed during the interim of the filing of the petition for separation and the scheduled date for trial, Mrs. Lusk amended her reconventional demand to request an absolute divorce. Since Mr. Lusk desired the same, he authorized his attorney, L.E. Yokum, Jr., to accept service and waive citation. Mrs. Lusk’s attorney, L.B. Ponder, Jr., obtained judgment two days later on June 19, 1981. Although Mr. Yokum requested that Mr. Ponder mail a copy of the judgment to him, Ponder never did so.
This judgment remained status quo, with no further movement until the fall of 1986, when Mr. Lusk was notified that his one-half interest in the family home was being seized to satisfy a judgment. Mr. Lusk immediately contacted Mr. Yokum who obtained the original record on file at the Clerk of Court’s office. Mr. Yokum discovered the following: Mr. Ponder had filed into the record a document entitled “First Supplemental and Amended Reconventional Demand”, which had never been served, as well as a “Second Supplemental and Amended Reconventional Demand”, that Mr. Yokum had received in the mail entitled as “First” which he had waived service and citation on.
*470 Fortunately, Mr. Yokum had retained a copy of the pleading that was mailed to him by Mr. Ponder back in 1981. This pleading was entitled “First Supplemental ... ”, and was only one page long. The second page of this pleading contained only the order to be signed by the judge authorizing the filing and Mr. Yokum’s signature accepting service and citation. This signed pleading now appeared in the record as “Second Supplemental it was clear that “First” had been whited out and changed to “Second”. The judgment that supported the writ of seizure of Mr. Lusk’s share in the family home was based upon the demands sought in the “First Supplemental ... ”, which included a demand that $5,940.00 in past due child support be made executory as well as the demand for an absolute divorce.
Based upon our review of pleadings and documents in the record before this court and the trial judge’s findings of fact, we find that the following occurred. Mr. Ponder filed a first supplemental and amending petition in the record, but service was never perfected. The gist of this petition was a request for an absolute divorce in lieu of a legal separation and a request that past due child support be made executory. In the same week, Mr. Ponder mailed to Mr. Yokum the pleading entitled “1st Supplemental and Amending Petition”, which requested an absolute divorce. With Mr. Lusk’s approval, Mr. Yokum accepted service and waived citation and allowed Mr. Ponder to take judgment on the matter. Mr. Ponder apparently used the aforementioned waiver to obtain judgment on the first, unserved, petition on file in the clerk’s office, and then whited out the “First” on the pleading that Mr. Yokum had signed and typed in Second.
Mr. Yokum, on behalf of Mr. Lusk, immediately filed suit against Mr. Ponder and Mrs. Lusk, alleging that the judgment was obtained through fraud and ill practices and demanded that it be annulled and that a temporary restraining order be issued to enjoin the pending sale of the family home. The two lawsuits were consolidated in an attempt to rectify the entire matter. On July 1, 1987, the trial court rendered judgment finding that the judgment in dispute was obtained through fraud and ill practices and declared it to be a nullity. The T.R.O. which had been previously issued, was made permanent.
We quote from the judgment appealed from:
After due hearing on the merits, the Court being of the opinion that the “first” supplemental and amended recon-ventional demand was not served upon the plaintiff or his attorney. Further, the Court is of the opinion that defendant and her attorney were guilty of fraud and ill-practices by filing a document into the record entitled “second” supplemental and amended reconventional demand when same document had been served upon petitioner entitled “first” supplemental and amended reconventional demand. For these reasons and oral reason assigned,
[[Image here]]
The defendants appeal from that decision alleging the following four issues in contest:
1. Issue of court’s denial of Motion to Dissolve Temporary Restraining Order in action number 81444 for the failure to verify pleadings and post bond for security.
2. Issue of court’s denial of the Plea of Prescription in cause number 81444 under LA.C.C.P. 2004, et seq.
3. Issue of court’s denial of Exceptions of No Right and/or No Cause of Action in number 81444 to merits and rule nisi for writ of preliminary injunction and/or merits.
4. The court disposing of merits while hearing pleas and exceptions, without trial thereon.
Assignment of error # 1 is without merit for the following reasons:
A) Under La. Jurisprudence, a spouse is not required to post bond to enjoin the other spouse from alienating community property. See LSA-C.C. art. 149 and annotations thereunder;
*471 B) Although the petition requesting the T.R.O. was not verified, it did allege irreparable injury and in light of the overwhelming evidence of fraud on the part of defendant’s attorney, we cannot say that the trial judge was manifestly in error by allowing the T.R.O. to issue.
C) Perhaps most persuasive is LSA-C.C.P. art. 3612. It states, “There shall be no appeal from an order relating to a temporary restraining order.” See Chauvin v. Matherne, 419 So.2d 1276 (La.App. 1st Cir.1982).
Assignment of error #2 also is without merit. LSA-C.C.P. art. 2004 reads as follows:
A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
Mr. Lusk did not receive notice of the seizure of the family home until November 10, 1986. Mr. Yokum, on behalf of Mr. Lusk, filed suit on January 12, 1987. This was well within the one year period allowed after discovery of the fraud committed by Mr. Ponder.
Assignments of error #3 and #4 are also without merit.
Mr. Ponder, in response to plaintiff’s suit, filed exceptions of no cause of action and no right of action. The testimony at the exception hearing clearly revealed that court documents were forged to obtain an illegal judgment. In light of the testimony and evidence at the hearing, we find the trial court was correct in overruling these futile and ineffective exceptions filed by defendant’s counsel.
For the foregoing reasons, the judgment is affirmed. All costs of this appeal are to be taxed against the defendant, L.B. Ponder, Jr. alone as we conclude that he alone, and not his client, Mrs. Lusk, was responsible for the fraudulent tampering of the trial court records.
AFFIRMED.
SHORTESS, J., concurs in the result.