JAVRIT GRANTED AND MADE PEREMPTORY: The judgment of the trial court maintaining the exception of no cause of action filed by defendants-respondents, Russell Devillier, Edward Gallagos, and Jerry Darbonne, was in error, and the same is hereby set aside. The exception was lodged solely against the theory of recovery based on 42 U.S.C.A. sec. 1983, raised by plaintiffs-relators, Charles A. Benoit, Phyllis Meaux Benoit, Charles D. Benoit, and Garland Hanks. Plaintiffs have raised numerous other theories of recovery against these same defendants, including intentional and unintentional tort claims, all of which “arise out *398 of the operative facts of a single transaction or occurrence”. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1239 (La.1993). Therefore, we find that the trial court improvidently granted a partial no cause of action exception.
Turning to consider the trial court’s granting of a partial judgment as prayed for by defendants-respondents, the Louisiana Water Company, William Edrington, Trevelyn Faulk, and Donald Hilliard (the Lawco defendants), these defendants ^challenge this court’s jurisdiction over this question due to the alleged expiration of the delays for an appeal. The Lawco defendants aver that the judgment at issue herein is a partial judgment as allowed by La.Code CivJProc. art. 1916 and that a judgment which is rendered pursuant to this statute must be reviewed on appeal.
The issue presented herein is res nova. In Everything on Wheels Subaru, Inc. v. Subaru South, Inc., supra, 616 So.2d at 1239, n. 12, the court stated:
There does not appear to be any logical reason to treat partial judgments resulting from a motion for summary judgment any differently from partial judgments resulting from an exception of no cause of action. We therefore reserve for another day the question whether a partial judgment on a motion for summary judgment, that merely decides one of several claims, defenses or issues without dismissing any party, is a final judgment which is authorized by Article 1916 and which therefore must be appealed immediately in order to prevent the judgment from acquiring the authority of the thing adjudged.
In the matter sub judice, the trial court granted the Lawco defendants summary judgment against plaintiffs as to plaintiffs’ claims based on 42 U.S.C.A. sec. 1983, which ruling was premised on the finding that a claim under this statute cannot be pursued against a private party. We find that this ruling was rendered in compliance with La.Code Civ.Proc. art. 966, and, therefore, we hold that this partial judgment was rendered pursuant to La.Code Civ.Proc. art. 1915. Accordingly, we turn to consider whether this judgment can be reviewed under our supervisory jurisdiction, and if so, whether plaintiffs’ prayer for relief was timely presented.
In Hamilton Medical Group v. Ochsner Health Plan, 550 So.2d 290 (La.App. 3rd Cir.1989), the judgment sought to be appealed was the trial court’s overruling of the defendants’ exception of improper venue and vagueness. This court acknowledged that the Louisiana Supreme Court in |3Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981), had expressly mentioned that a ruling on venue causes irreparable injury such that an appeal can be taken as provided by La.Code Civ.Proc. art. 2083. Yet, we held in Hamilton Medical Group that this court had the power to review an otherwise appealable judgment under its supervisory jurisdiction when an ordinary appeal will not provide an adequate remedy or, stated more precisely for purposes of the instant situation, where the delays incumbent in an ordinary appeal will cause irreparable harm.
Thus, in the case at hand, the trial court rendered a ruling which effectively dismissed one theory of recovery arising out of the same operative facts which form the basis for numerous other theories of recovery against these defendants. Additionally, this court, supra, has reversed the lower court’s ruling which struck the same theory of recovery as to other defendants in this case. To refuse to review the trial court’s partial judgment except by means of an ordinary appeal would cause undue delay, piecemeal review of the ease, and an inefficient use of scarce judicial resources. These deleterious effects of requiring an appeal in this matter are balanced against the hypertechnical application of procedural rules which, for purposes of the instant ease, would result in a derogation of the right to appellate review if the delays of an appeal have in fact run. Finding no merit to defendants’ contention that this court should deny plaintiffs the right to seek review of the trial court’s partial judgment by means of an application for supervisory relief, we must consider the timeliness of this request.
*399 The Lawco defendants argue that the delays for |4seeldng an appeal from the partial judgment have run without plaintiffs’ perfection of an appeal. These defendants posit that an application for supervisory writs does not extend the delays for seeking an appeal. Therefore, they conclude that this court is without jurisdiction over this matter.
This court is aware of the rule that no supervisory relief can be sought after the expiration of the delays for an appeal have run. See, for instance, Morris v. Translates Petroleum, Inc., 258 La. 311, 246 So.2d 183 (1971). However, in the case under consideration, plaintiffs filed the appropriate motion with the trial court in order to perfect the application for supervisory writs within the time for seeking an appeal; therefore, defendants’ arguments regarding the filing for supervisory writs after the appeal delays have run are inapposite. Since this court finds that, based on the facts of this particular ease, the application for supervisory writs was the appropriate mechanism for seeking review of the partial judgment herein, we hold that this court has jurisdiction over the matter in accordance with its supervisory jurisdiction.
We now turn to consider the merits of the trial court’s granting of a partial judgment on plaintiffs’ 42 U.S.C.A. sec. 1983 claims. We find that the trial court erred in granting summary judgment to the Lawco defendants on these claims. The rule is established beyond question that private parties can be held for damages under this statute. See, for example, Dennis v. Sparks, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980), and cases cited therein. The Lawco defendants have not shown that no genuine issues as to material facts exist and that they are entitled to judgment as a matter of law as required by La.Code Civ.Proc. art. 966. Therefore, the trial court’s granting of partial | judgment in favor of the Lawco defendants on plaintiffs’ 42 U.S.C.A. sec. 1983 claims is hereby reversed and set aside.
Given the above ruling, we find that the trial court was in error in granting the motion in limine prohibiting “testimony or request for” punitive damages under 42 U.S.C.A. sec. 1983. Due to this court’s reinstatement of the claims based on this federal statute, evidence and argument on these damages are relevant.
Finally, this court reverses the trial court’s granting of the “motion in limine” limiting plaintiffs’ claim for damages to one year prior to the date of filing this suit. The trial court cannot raise the peremptory exception of prescription ex proprio motu. La.Code Civ.Proc. art. 927. Since these claims for damages have not been held to have been prescribed, evidence on them is pertinent, and the trial court abused its discretion in disallowing it. Therefore, this motion in li-mine is also hereby denied.
This ease is remanded for further proceedings in accordance with the above rulings.