NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 12-1040


NGOZI OWUAMANAM O/B/O EKENE NWANJI

VERSUS

SUPER ONE, ET AL.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20093374
HONORABLE JULES DAVIS EDWARDS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JIMMIE C. PETERS

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Billy H. Ezell, and J. David Painter, Judges.


**APPEAL DISMISSED.**


Andrew Holleman Meyers
Beaud & Meyers
Post Office Box 3448
Lafayette, LA 70502
(337) 266-2200
COUNSEL FOR DEFENDANT/APPELLEE:
      Brookshire Grocery Company

**Dr. Sule Douglas Busari**
**Attorney at Law**
**Post Office Box 168**
**Tallulah, LA 71282**
**(318) 574-2955**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Ngozi Owuamanam**

**PETERS, Judge.**

After the lodging of the record in the instant appeal, this court, on its own motion, issued a rule for the plaintiff-appellant, Ngozi Owuamanam, to show cause, by brief only, why the appeal should not be dismissed as untimely filed. The plaintiff filed a brief in response. For the reasons which follow, we dismiss the instant appeal.

The instant suit arises from a slip and fall. In the course of this litigation, the defendant-appellee, Brookshire Grocery Company, filed a motion for summary judgment. After a hearing was held on this motion, the trial court signed a written judgment on August 15, 2011, dismissing the plaintiff's claims against the defendant. Notice of the judgment was mailed to counsel of record by the clerk of court's office for the district court on August 17, 2011.

The plaintiff filed a motion with the trial court on September 7, 2011, asking for the setting of a return date for the filing of an application for supervisory writs with this court. The trial court set the return date for September 15, 2011. However, the trial court also signed a handwritten "Amended Order" on September 21, 2011, which ordered that the plaintiff be provided with the minutes and transcript by October 21, 2011, provided the fees were paid and which extended the return date for the filing of the writ application to November 21, 2011.

According to the response to the rule to show cause filed in this court by the plaintiff, the plaintiff did not receive the court minutes and the transcript by the date ordered by the trial court. Nevertheless, a review of the record indicates that the plaintiff took no action seeking judicial enforcement of the trial court's order nor did the plaintiff seek an order further extending the return date on or before November 21, 2011. Additionally, the plaintiff did not file a writ application with this court on or before this return date. Instead, the plaintiff waited until June 13, 2012, and filed another motion and order with the trial court requesting a return date for the filing of a writ application challenging the judgment of August 15, 2011. The trial court set a

return date of July 14, 2012, for the writ application. On July 6, 2012, this court received a writ application from the plaintiff challenging the judgment of August 15, 2011.

In response to this writ application, the defendant filed a motion to dismiss the writ as having been untimely filed. On October 3, 2012, this court entered judgment granting the motion to dismiss and stated, "The Plaintiff-Relator failed to file the instant writ application by the return date originally set by the trial court. The filing of a second request for the setting of a return date cannot revive the expired delay for seeking appellate review of the subject judgment. Therefore, we grant the motion to dismiss the instant writ application filed by the Defendant-Respondent."

However, on July 6, 2012, the plaintiff filed a pleading in the trial court entitled Motion to Convert Writ Application to an Appeal. The trial court signed this order on July 16, 2012. Thus, in response to this court's rule to show cause, the plaintiff contends that this court should maintain the instant appeal based on the conversion of the writ application into an appeal.

The timeliness of an appeal is jurisdictional; therefore, neither a trial court nor an appellate court of this state has the authority to extend the delay for seeking an appeal. *See State in the Interest of E.A.*, 2002-996 (La.App. 3 Cir. 10/2/02), 827 So.2d 594. Plaintiff correctly notes in brief that, when a writ applicant has improperly sought review of an appealable judgment through means of an application for supervisory review rather than through the appropriate method of filing an ordinary appeal, the appellate courts have converted those writ applications into appeals. *See Armstrong v. Stein*, 94-1997 (La. 3/18/99), 634 So.2d 845. However, in the instant case, the plaintiff failed to file a timely writ application with this court in accordance with the trial court's original return date. Furthermore, as noted above, while the plaintiff seeks to excuse the failure to file a timely writ application on having not received the court minutes and transcript as ordered and within the time period set by

2

the trial court, the record does not reveal any attempt by the plaintiff to obtain enforcement of this ruling within the return date originally set by the trial court nor does the plaintiff show that a further extension of the return date was timely sought either from the trial court or from this court. Finally, we note that the jurisprudence of this state has long held that an application for the exercise of an appellate court's supervisory jurisdiction must be sought prior to the expiration of the delays for seeking an appeal; therefore, we find that the subsequent request by plaintiff for a new return date on June 13, 2012, filed long after the delays for an appeal had run, did not operate to extend the appeal delays. *See Amoco Prod. Co. v. United Gas Pipe Line Co.*, 496 So.2d 319 (La.1986), *citing Morris v. Transtates Petroleum, Inc.*, 258 La. 311, 246 So.2d 183 (La.1971).

Thus, we pretermit any discussion as to the consequences of this court's having dismissed the prior writ application as untimely filed. Rather, we find that it suffices in this case to hold that the plaintiff failed to file a timely appeal. Accordingly, we hereby dismiss this appeal at plaintiff's cost.

**APPEAL DISMISSED.**


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.