No. 10,424.

THE STATE EX REL. LYDIA DUHÉ VS. THE JUDGE OF THE TWENTY-SIXTH JUDICIAL DISTRICT, ROST, J.

An application for a peremptory writ of mandamus will be denied when its object is to compel a district judge to fix the amount of an appeal bond for a suspensive appeal, when no bond was offered within the delays for a suspensive appeal.

APPLICATION for Mandamus.

*Charles Louque,* for the Relator.

The opinion of the Court was delivered by

McENERY, J. The relator, administrator of the succession of Guillaume Duhé, represents that in the matter of said succession the district judge rendered a judgment sustaining the opposition to the account filed by her and dismissed the account because it was not restated as directed by this court in the case of this succession reported in 41 Ann. 209. That she applied for a suspensive appeal from said judgment which was granted, and the bond fixed at $1500 which is excessive, a bond covering costs being sufficient. The respondent judge while giving no reasons for fixing the bond in said amount, assigns as one of the reasons why a mandamus cannot issue directing him to reduce the amount of the bond, that the application for the mandamus proceeding was not made within the delay allowed for taking a suspensive appeal.

The order for the appeal was granted on the 21st June the last day of the term, and this application for a mandamus was filed on the 17th July. No appeal bond in any amount has been tendered within the delay.

If the mandamus should issue as prayed for, the execution of the bond could not be made within the delay for taking the appeal, and, therefore, could not operate as a suspensive appeal.

It would, therefore, be doing a vain thing to order the district judge to fix the appeal bond in the amount prayed for by relator.

We make no reference to the right of relator to a devolutive appeal.

It is, therefore, ordered that the writ of mandamus prayed for by relator be denied and the rule granted be discharged at relator's cost.