O’NIELL, J.
Relators pray for a writ of mandamus to compel the judge of the civil district court to grant them a suspensive appeal from a judgment declaring that one of them, Dussel, was not competent or eligible to be surety on a 12-months bond tendered by Castell. The bond was offered to secure the price of property that had been seized under a final judgment against Dussel and was adjudicated to Castell. The price of the adjudication was not near enough to satisfy the judgment against Dussel; which fact, however, is a matter of no importance. The sheriff, of course, refused to accept the insolvent debtor, Dussel, as surety on a bond given to pay a part of the judgment that had been rendered against him. From a judgment sustaining the sheriff’s refusal, Dussel and Castell are attempting to prosecute a suspensive appeal.
Under the ruling in Gallier v. Garcia, 2 Rob. 319, construing article 689 of the Code of Practice, we doubt that the relators were ever entitled to a suspensive appeal from the ruling complained of. But there is a better reason why the relief prayed for in this proceeding should not be granted; that is, that the time for taking the appeal — if relators ever had a right to the appeal — has expired. A previous application to this court, for the relief now prayed for, was dismissed on the 30th of October, 1922, because the relators had failed to give notice of their application. The present application, of course, was filed long after the delay allowed for a suspensive appeal had expired. The original application, because of the relators’ failure to give notice, did not preserve their right — if any they had — to a suspensive appeal. See Mrs. Irene C. Jones v. City of New Orleans, No. 25012 (not to be reported). See, also, Widow and Heirs of Beaird v. Russ, 34 La. Ann. 315; and State ex rel. Duhe v. Judge, 41 La. Ann. 1140, 6 South. 797. There is nothing to the contrary in- State ex rel. Crescent City Bank v. Judge, 17 La. Ann. 186, or in State ex rel. Geddes v. Judge, 36 La. Ann. 301, in each of which cases, the motion for the appeal, made within the time allowed, was accompanied by a proper appeal bond.
The relief prayed for is denied, and this proceeding is dismissed at relators’ cost.