McBRIDE, Judge.
A judgment was herein rendered against Mrs. Edna Lear, divorced wife of, and, Edmond C. Higgins, denying them the preliminary injunction for which they had prayed. On the twenty-eighth day after the rendition of the judgment they appealed devolutively to this court. Appellee Viosca has moved for a dismissal of the appeal on the ground that appellants lost their right to appeal by having failed to do so within a period of fifteen days from the date of the judgment as provided by LSA-C.C.P. art. 3612. Said article provides that an appeal may be taken as- a matter of right from an order or judgment relating to a preliminary injunction. No suspensive appeal is provided for, but such order or judgment may be suspended or further proceedings stayed during the pendency of an appeal at the discretion of the court.
Appellants contend their appeal is regulated by LSA-C.C.P. art. 2087, and whereas it was taken within the ninety-day period therein provided, it was timely and should not be dismissed. LSA-C.C.P. art. 2087, dealing with devolutive appeals in general, reads as follows:
“Except as otherwise provided by law, an appeal which does not suspend the effect or the execution of an ap-pealable order or judgment may be taken, and the security therefor furnished, only within ninety days of
The exception at the beginning of LSA-C.C.P. art. 2087 was inserted in order to avoid conflict between said article and a number of codal and statutory provisions establishing shorter delays for appealing from certain judgments. LSA-C.C.P. art. 3612 is one of these, and according to its terms an appeal relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of such order or judgment. Appellants in support of their argument contend that the appeal is regulated by LSA-C.C.P. art. 2087 and not by LSA-C.C.P. art. 3612 and *824 point to the last paragraph of Art. 3612 which reads as follows:
“Except as provided in this article, the procedure for an appeal from an order or judgment relating to a preliminary or final injunction shall be as provided in Book III.”
The words “[ejxcept as provided in this article” appearing at the beginning of the paragraph make it crystal clear that an appeal from a judgment or order relating to a preliminary injunction must be taken within the fifteen-day period the article provides for, but otherwise the procedure for an appeal is to be governed by the provisions in Book III dealing with “Proceedings in Appellate Courts.”
Therefore, the appeal was perfected too late; the motion is granted and the appeal is dismissed.
Appeal dismissed.