CHASEZ, Judge.
The American Budget Plan, Inc., filed a foreclosure proceeding against Felix Landry, Sr., on the 24th day of February, 1965; the order for the issuance of the executory process was signed on the same day. Subsequently, the defendant, Felix Landry, Sr., died.
On March 17, 1965 Chester Landry, alleging himself to be a child and heir of Felix Landry, Sr., filed suit to enjoin plaintiff, American Budget Plan, Inc., and the Sheriff of the Parish of Jefferson, from proceeding with the sale of the property seized by plaintiff. A temporary restraining order was issued enjoining the Sheriff of the Parish of Jefferson from proceeding with the sale of the property, and a rule nisi issued against the American Budget Plan, Inc. for the issuance of a preliminary injunction. On October 27, 1965 the District Court rendered and signed judgment in favor of Chester Landry and against the American Budget Plan, Inc., granting a preliminary injunction enjoining and restraining the American Budget Plan, Inc., and the Sheriff of the Parish of Jefferson from proceeding with the sale of the property seized.
The American Budget Plan, Inc., applied to the District Court for a suspensive and devolutive appeal from this judgment on the 17th day of November, 1965. The Court refused the suspensive appeal, but granted its order for a devolutive appeal on that date.
On the 5th of May, 1966, a motion was filed on behalf of appellee, Chester Landry, to dismiss the devolutive appeal granted by the Court for the reason that the appellant, American Budget Plan, Inc., did not timely apply for an appeal from the judgment rendered in accordance with the provisions of the Code of Civil Procedure, particularly Article 3612.
The appellant, American Budget Plan, Inc., has opposed the dismissal of the de-volutive appeal lodged in this Court, contending that it had a period of 90 days within which to apply for an appeal under the provisions of Article 2087 of the Code of Civil Procedure. The reason for this contention apparently is that appellee, Chester Landry, was not the maker of the note involved in the original foreclosure proceeding and did not establish that he is a legitimate heir of Felix Landry, Sr., the maker of the note, and that the District Court was without jurisdiction ratione ma-teriae or ratione personae and without authority to issue any judgment in the matter.
We believe that the only issue posed for our consideration at this time in this matter is whether the appeal taken herein was properly and timely filed. Article 3612 of the Code of Civil Procedure provides in part as follows:
“ * * * An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided.
“Except as provided in this article, the procedure for an appeal from an order or judgment relating to a preliminary or *480 final injunction shall be as provided in Book III.”
It will be noted that this article specifically refers to appeals from judgments of the Court relating to restraining orders, preliminary and final injunctions.
Article 2087 of the Code of Civil Procedure, relied upon by the .appellant, American Budget Plan, Inc., reads as follows:
“Except as otherwise provided by law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within ninety days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.”
It will be noted that this article is found in Book III of the Code and necessarily, in this instance, must be construed with the last paragraph of Article 3612 of the Code. It is clear under Article 3612 of the Code of Civil Procedure that, where the specific provisions thereof differ from the general procedure for appeals set forth and contemplated in Book III, and particularly Article 2087, the provisions of Article 3612 should prevail.
The further contentions set forth in the opposition of appellant, American Budget Plan, Inc., are all matters that will necessarily be directed to the attention of the District Court on a trial on the merits. This was recognized by the District Judge in his judgment of October 27, 1963. Accordingly, appellants having failed to take its appeal within IS days as provided by Article 3612 of the Code of Civil Procedure, the appeal taken by the American Budget Plan, Inc., in this matter should and is hereby dismissed at appellant’s cost.
Dismissed.