TATE, Judge.
This is an appeal from a judgment granting a preliminary injunction. We note that the appeal was not timely perfected. We will therefore dismiss it.
The plaintiff ("Certified Finance”) seeks by these executory proceedings to enforce a mortgage by seizure and judicial sale of the mortgaged property. LSA-CCP Art. 2631 et seq. The defendant mortgagees asserted certain defenses through a petition for an injunction to arrest the sale. LSA-CCP Arts. 2642, 2751. The trial court granted judgment enjoining the sale, and the plaintiff creditor appeals.
The trial court signed the judgment granting a preliminary injunction on March 21, 1966. By motion and order dated April 6th, the plaintiff Certified Finance appealed devolutively. The trial court fixed the devolutive appeal bond at $400. The appeal bond, dated April 11th, was not filed with the court until April 20th.
Thus the appeal bond was not furnished and the appeal was not perfected until April 20th — thirty days after the date of the preliminary injunction judgment. Under LSA-CCP Art. 3612, “ * * * An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. * * * ” The appeal is therefore not timely perfected. See: Third District Homestead Association v. Higgins, La.App. 4 Cir., 160 So.2d 823; Kellogg v. Hall, La. App. 3 Cir., 159 So.2d 596.
The ordinary delay period within which a devolutive appeal must be perfected is ninety days, “except as otherwise provided by law”. LSA-CCP Art. 2087. But one of the “otherwise-provided” exceptions is that provided by Article 3612, quoted above, that an appeal from an interlocutory injunction judgment must be perfected within fifteen days. Official Revision Comment (b), Article 2087; Third District Homestead Association v. Higgins, cited above.
It is true that the ordinary ninety-day delay pertaining in general to devolutive appeals may be applicable instead of the fifteen-day delay pertaining to interlocutory injunction decrees, if the order disposing of the demand for a preliminary injunction is not an interlocutory judgment but is instead a final judgment which has the effect of deciding the whole case on its merits. Calhoun v. State, La.App. 3 Cir., 152 So.2d 866. See also: Brock v. Stassi, 189 La. 88, 179 So. 44.
In the instant case, however, defendants’ prayer was not only for a preliminary judgment but was additionally for a permanent injunction to be issued after citation and due proceedings under ordinary process. The preliminary injunction thus-sought and obtained here was not a final' judgment. It was rather an interlocutory judgment to preserve the status quo pending the trial on the merits of the demand' for the permanent injunction. See: Silberman v. Beaubouef, La.App. 3 Cir., 175 So. 2d 873; Cloud v. Dyess, La.App. 3 Cir., 172 So.2d 528 (syllabi 5-9). Cf. also, LSA-CCP Art. 1841: “* * * A judgment that does not determine the merits-but only preliminary matters in the course of the action is an interlocutory judgment. % * * »
The appeal of the plaintiff Certified' Finance must therefore be dismissed as not timely perfected within fifteen days as required by statute when the appeal is from an-interlocutory judgment relating to preliminary injunctions.
The defendants-appellees further suggest that the appeal should additionally be dismissed because interlocutory judgments are generally not appealable unless they cause irreparable injury. LSA-CCP' Art. 2083. Nevertheless, an exception to this general rule is specifically provided by the provision of LSA-CCP Art 3612 that “ * * * An appeal may be taken of *190 right from an order or judgment relating to a preliminary * * * injunction.”
For the foregoing reasons, we dismiss the appeal of the plaintiff Certified Finance at its cost.
Appeal dismissed.