AYRES, Judge.
From a decree rescinding a sale of an automobile and awarding plaintiff judgment against defendant for $3,070, representing a refund of the purchase price paid, defendant applied for and was granted orders of devolutive appeal.
Of particular concern is a question as to whether the appeal was timely perfected by the filing of an appeal bond. The question presented is not one of a mere technicality but one pertaining to the jurisdiction or authority of this court to consider the merits of the controversy. Lack of jurisdiction is a matter of which an appellate court must take notice even ex proprio motu.
The facts important to this issue, stated in chronological order, may be briefly summarized. The trial of this case began May 19, 1967; the taking of testimony was concluded May 23, 1967, when the case was continued for argument; argument was had December 4, 1967, and judgment rendered December 6, 1967, was signed and filed December 13, 1967. A motion for a new trial filed by defendant December 15, 1967, was, on January 2, 1968, tried, submitted and overruled. A motion for a devolutive appeal was filed and granted March 13, 1968. The appeal was made returnable to this court May 13, 1968. The appeal bond, however, was not filed until April 16, 1968.
*536 As indicated above the motion for a new trial was not taken under advisement. Hence, except under certain circumstances specified in the Code of Civil Procedure, none of which exist in this case, a devolutive appeal must be taken and the security therefor must he furnished within ninety days of the court’s refusal to grant a timely application for a new trial. LSA-C.C.P. Art. 2087. The appeal bond was not filed until the one hundred fifth day after the motion for a new trial had been overruled. Thus, the judgment became final before the appeal was perfected by the posting of an appeal bond. It is now beyond our authority to alter or reverse on appeal.
The appeal is, accordingly, dismissed at appellant’s cost.