AYRES, Judge.
Defendant appealed from a judgment directing the issuance of a preliminary injunction prohibiting him from practicing medicine. Plaintiff has moved for a dismissal of the appeal on the ground that the appeal was neither timely applied for nor timely perfected.
Under a rule nisi of June 12, 1968, defendant was ordered to show cause, on June 19, 1968, why a preliminary injunction should not issue enjoining, restraining, and prohibiting him from practicing medicine. Defendant filed an answer to the rule and the rule was tried on the day assigned, after which it was taken under advisement. Under date of July 12, 1968, judgment was rendered and signed directing the issuance of the preliminary injunction. Defendant was given notice of the judgment under date of July 16, 1968.
Defendant, in a petition filed October 17, 1968, prayed for and was granted a devolu-tive appeal, returnable to this court December 9, 1968. An appeal bond was filed November 4, 1968.
The rule is that “An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment.” (Emphasis supplied.) LSA-C.C.P. Art. 3612.
Obviously, the appeal was neither timely taken nor perfected by the posting of an appropriate bond and must be dismissed. Certified Finance Company v. Jones, 191 So.2d 188 (La.App., 3d Cir. 1966); American Budget Plan, Inc. v. Landry, 187 So.2d 478 (La.App., 4th Cir. 1966); Hibernia National Bank of New Orleans v. Mary, 167 So.2d 200 (La.App., 4th Cir. 1964); Third District Homestead Association v. Higgins, 160 So.2d 823 (La. App., 4th Cir. 1964).
Where an appeal is not timely taken and perfected, an appellate court has no jurisdiction over the appeal. The judg *265 ment in such an instance is final and is the property of the party in whose favor it was rendered.
It may be observed, moreover, that appellant neither appeared nor filed a brief in this cause prior to the date of its submission. Hence, under Rule VII, Section 5(b) of the Uniform Rules of the Courts of Appeal, revised July 1, 1963, 8 LSA-R.S., the court may ex proprio motu dismiss the appeal.
For the reasons assigned, the appeal is accordingly dismissed at defendant-appellant’s costs.
Appeal dismissed.