DIXON, Judge.
On the application of intervenors, who sought to stop a sheriff’s sale of oil field equipment, we granted supervisory writs. A motion to recall writs was filed by plaintiffs in which it is argued that this court is without jurisdiction. The case was docketed for argument and plaintiffs repeat their contention that we are without jurisdiction.
The jurisdictional argument arises because no appeal was perfected until more than fifteen days after the trial court rendered and signed a judgment dissolving a temporary restraining order and rejecting the intervenors’ demands for a preliminary injunction, and because application for writs was not made until after time for appeal had expired. Plaintiffs contend that C.C.P. 3612 allows only fifteen days from the date of judgment for taking an appeal.[1] Intervenors maintain that the provisions of Article 3612 are not applicable, for the reason that the judgment entered by the trial court was a final judgment. The intervenors also filed a motion for a new trial; their appeal was perfected within fifteen days from the date of the judgment denying the new trial.
The judgment appealed from is as follows :
“This cause having regularly come on for trial on the rule to show cause why a preliminary injunction should not issue herein, evidence having been introduced in the form of affidavits and the testimony of witnesses, counsel for both plaintiff and intervenors being present, the law and the evidence being in favor thereof for the reasons assigned in a written opinion filed herein on October 15, 1969:
“IT IS ORDERED, ADJUDGED AND DECREED That there be judgment herein in favor of the plaintiff and against the intervenors rejecting the intervenors’ demands at their costs.
“IT IS FURTHER ORDERED That the temporary restraining order issued herein on December 17, 1968 be dissolved and that the preliminary injunction requested be refused.
*245 “JUDGMENT RENDERED the 15th day of October, 1969 and read and signed this 22nd day of October, 1969.”
An application for a new trial was filed October 24 and denied November 5. On November 12 a devolutive appeal was granted, but the bond was not filed until November 19. On November 12 the in-tervenors gave notice of intention to apply for writs because of the court’s refusal to grant a suspensive appeal. Application for writs was filed November 24, and on that day granted by this court. The in-tervenors pointed out that the movable property, the ownership of which was the subject of the intervention, was scheduled to have been sold by the sheriff before a devolutive appeal could have been heard.
Article 7, Section 29 of the Constitution of 1921, as amended, confers supervisory jurisdiction on the Court of Appeal as follows:
“Each court of appeal has supervisory jurisdiction, subject to the general supervisory jurisdiction of the Supreme Court, over all inferior courts in all cases in which an appeal would lie to the court of appeal.”
The Louisiana Supreme Court in Borah v. Dussel, 153 La. 54, 95 So. 399, dismissed an application for a writ of mandamus because it was filed after the delay for an appeal had expired. There is no provision in our law which grants supervisory jurisdiction to courts for the purpose of reviewing judgments which have already become final prior to the attempt to invoke supervisory jurisdiction. A judgment could hardly be final if it were subject to review on application for writs taken after the time for appeal has expired.
C.C.P. 2123 provides that suspensive appeals may be taken within fifteen days of the refusal to grant a new trial, “except as otherwise provided by law.” The comment under this article notes that among other important exceptions to the general rule are appeals from judgments or orders issuing temporary restraining orders and preliminary injunctions. Reference is made to C.C.P. 3612.
C.C.P. 2087 also refers to the date of the judgment refusing a new trial as the date from which the ninety day delay for a dev-olutive appeal begins to run, “except as otherwise provided by law.” The comment also refers to Article 3612, as providing a shorter delay for appeal.
Article 3612 clearly requires that an appeal from an order or judgment related to a preliminary injunction must be perfected within fifteen days from the date of the order or judgment. There is no reference in C.C.P. 3612 to an application for a new trial. We must conclude that there was no intention on the part of the redactors of the Code of Civil Procedure to engraft upon the detailed injunctive procedure an additional delay for applying for. a new trial, the refusal of which would begin the delay for an appeal.
Intervenors contend that the judgment involved was a final judgment and, because of its nature, is not included in the provisions of Article 3612. Intervenors rely on Kellogg v. Hall, La.App., 159 So.2d 596 and Calhoun v. State, etc., La.App., 152 So.2d 866. In Kellogg v. Hall, argument was made that, since the judgment of the district court was a final judgment, disposing of the issues between the plaintiff and defendant, the fifteen day period for appeal in C.C.P. 3612 did not apply. The appellate court found that the language in the judgment which the defendant contended made it a final judgment was superfluous, since the matter had been heard by the district court “only on a motion for preliminary judgment in the district court and not on the merits.”
In Calhoun v. State, there had been no hearing on the rule for a preliminary injunction. An exception of no right of action had been filed and sustained, and the plaintiff’s case dismissed. It was this judgment which the court held to be a final *246 judgment, completely disposing of the plaintiffs case and rejecting his demands. The court held that the fifteen day delay for taking an appeal in C.C.P. 3612 was not applicable to such a judgment.
In the case before us, the judgment complained of states that it came on “for trial on the rule to show cause why a preliminary injunction should not issue.” The temporary restraining order was dissolved and the intervenors’ request for a preliminary injunction was refused. This is and can only be construed to be an “order or judgment relating to a preliminary injunction” as provided in C.C.P. 3612, an appeal from which must be perfected within fifteen days from the date of the judgment. Therefore, we do not have jurisdiction of this matter.
There was filed in the district court a reconventional demand by the plaintiffs in which they seek damages for the wrongful issuance of the temporary restraining order. The record does not reflect that this reconventional demand has been disposed of. Before us, plaintiffs contend that they are entitled to damages for the improvident issuance of remedial writs from this court on the application of the inter-venors, which further delayed the sale, and which necessitated additional work by plaintiffs’ counsel. Plaintiffs contend in brief and argument that this court has the power under C.C.P. 2164 to fix damages for the wrongful issuance of the stay order in this case. This question we pretermit. Since the plaintiffs’ claim for damages is still pending in the district court, they will be allowed to amend their reconventional demand to put before the district court their claim for any damages arising from the intervenors’ invoking supervisory jurisdiction. The district court is better suited than we for such a determination.
The writs heretofore issued are recalled and dismissed at the cost of relators-inter-venors; the case is remanded to the district court for appropriate disposition.

.
“There shall be no appeal from an order relating to a temporary restraining order.
“An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction, but such an order or judgment shall not be suspended during the pendency of an appeal unless the court in its discretion so orders.
“An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided.
“Except as provided in this article, the procedure for an appeal from an order or judgment relating to a preliminary or final injunction shall be as provided in Book III.”