CULPEPPER, Judge.
In his brief, plaintiff states the nature of this suit is as follows: “This is a suit to cancel a farm lease. The defendant reconvened for damages for the alleged wrongful issuance of a (preliminary) injunction. The lower court canceled the lease and denied the damage claim.”
The defendant appealed. The central issues on appeal are: (1) Did defendant breach the farm lease by failing to grow rice on the leased premises during the year 1969? (2) Was the preliminary injunction wrongfully issued on January 3, 1969, and, if so, is the defendant entitled to damages ?
An understanding of the facts is facilitated by a reading of Meaux v. Hoffpauir, La.App., 219 So.2d 551 (3rd Cir. 1969) and its companion cases. One of those cases, Lounsberry v. Hoffpauir, La.App., 219 So.2d 559 (3rd Cir. 1969) shows that on October 29, 1965, the plaintiff in the present proceedings, Wilfred Hoffpauir and his mother, Mrs. Allie Hoffpauir, filed suit against the defendant herein, Wilmer Hoffpauir. The mother alleged she was the owner of the fee or the usufruct of certain property owned in community with her late husband, Mr. Rollie Hoffpauir, and that her son, Wilmer, was illegally possessing the land. Wilfred Hoffpauir joined as a plaintiff in that suit, contending that he had a lease from his mother and his possession had been disturbed by Wilmer. The defense by Wilmer was that he had an oral lease from his mother. A stipulation was entered into on December 21, 1965, whereby Wilfred and his mother recognized Wilmer’s lease and reduced it to writing.
In later proceedings, the mother and Wilfred contested the stipulated lease, and, al-ernatively, contended that Wilmer had breached the lease by failing to raise rice during the year 1966. All of these issues were decided adversely to the mother and Wilfred in the trial court, affirmed by the Court of Appeal, and the Supreme Court finally refused writs on May 5, 1969. Thus, under those decisions there was a written stipulated lease agreement from the mother to Wilmer as of December 21, 1965, and this lease was not breached by Wilmer’s failure to grow rice during the 1966 crop year.
The present suit was filed on March 23, 1967, during the pendency of the above re *673 ferred to litigation. Wilfred Hoffpauir contended that he purchased all of his mother’s interest in the fee and the usu-fruct of the property, and since there was no written lease or notice of lis pendens of record, he acquired the property free of the stipulated lease. He prayed for an injunction prohibiting Wilmer from attempting to use or possess the property.
The defendant, Wilmer Hoffpauir, acting in his own proper person, filed an answer alleging that he was entitled to possession under the stipulated lease of December 21, 1965. On April 5, 1967, a judgment was rendered granting a preliminary injunction prohibiting defendant from possessing the property until further orders of the court, and the bond was fixed at the sum of $2,500. However, the judgment was not read and signed until January 3, 1969. The bond was filed and the preliminary injunction issued on the same day. Notice of the judgment was served on defendant on January 11, 1969.
The defendant filed a “Petition For New Trial” on January 14, 1969, and the hearing on the petition was set for February 17, 1969. On that same date, January 14, 1969, plaintiff, Wilfred Hoffpauir, filed a rule against the defendant to show cause why he should not be held guilty of contempt of court for violating the preliminary injunction during 1968 by going on the property. This contempt rule was set for hearing on January 30, 1969, but apparently no action was even taken on it.
In his brief filed in support of the “Petition For New Trial” defendant took the position that since both the trial court and the court of appeal had held that he had a binding lease on the property, the preliminary injunction was wrongfully issued on January 3, 1969. Plaintiff’s brief opposing the application for rehearing took the position that since there was no written lease nor notice of lis pendens recorded, he acquired the property from his mother free of the lease.
On May 5, 1969, our Supreme Court denied the application for writs in the above referred to cases, which recognized the validity of the stipulated lease from the mother to Wilmer Hoffpauir and hence those judgments became final. On June 30, 1969, the district judge signed a judgment granting the “Petition For New Trial” and recalling the preliminary injunction which had been issued in this case.
Then on September 5, 1969, the plaintiff, Wilfred Hoffpauir, filed a supplemental and amended petition alleging in the alternative, and in the event the court should find that Wilmer Hoffpauir has a lease effective against plaintiff, then Wilmer has breached the lease by failing to grow rice during the 1969 crop year.
When this case was tried on the merits on March 17, 1970, the issues were: (1) Did plaintiff acquire the property from his mother free of the stipulated lease? (2) Alternatively, did Wilmer breach any such lease by his failure to grow rice during the crop years 1967, 1968 and 1969. (3) Is defendant entitled to damages, under his reconventional demand, for the wrongful issuance of the preliminary injunction?
On March 31, 1971, a judgment was read and signed canceling the stipulated lease from Mrs. Allie Hoffpauir to Wilmer Ray Hoffpauir of date, December 21, 1965, and rejecting defendant’s reconventional demand. No reasons are given by the district judge. He reserved the right to file written reasons in the event of an appeal, but we find none in the record. This is the judgment which was appealed.
On appeal, plaintiff has abandoned his contention that the stipulated written lease from Mrs. Hoffpauir to her son, Wilmer, is not effective against plaintiff, who purchased the property from his mother in 1967. Since Wilfred was a party plaintiff with his mother in the suit in which the stipulated lease was entered, it is clear that no notice of the stipulated lease was necessary as to Wilfred, either by recording the *674 lease in the records or by filing a notice of lis pendens.
Plaintiff has also abandoned his contention that defendant breached the lease by failing to grow rice during the years 1967 and 1968. In oral argument before this court plaintiff stated that 1969 is the only year for which a breach is contended by reason of failure to grow a crop. Plaintiff argues that the effect of the preliminary injunction issued on January 3, 1969, was suspended by defendant’s “Petition For New Trial” and hence there was no legal impediment to defendant going on the land and growing a rice crop during 1969. Additionally, plaintiff contends that beginning in the early part of March, 1969, his attorney wrote several letters to defendant’s attorney, urging that defendant plant rice. Plaintiff argues that the effect of these negotiations was a waiver by plaintiff of whatever effect the preliminary injunction had.
On the other hand, it is the contention of the defendant that he could not plant rice during 1969 because the preliminary injunction was in effect until it was recalled by the district court on June 30, 1969, and after that it was too late to prepare the land and plant seed. Defendant takes the position that the letters written by the attorneys were nothing more than negotiations in an attempt to compromise. During these negotiations, defendant contended he could not plant rice because plaintiff had not fulfilled his obligation to clean out and prepare the irrigation canals necessary for the rice crop.
The first issue is one of law, i. e., whether the effect of the preliminary injunction was suspended by the “Petition For New Trial.” The relevant facts show that the preliminary injunction was issued on January 3, 1969, after the bond was filed. Notice of this judgment was given to the defendant by the sheriff through domiciliary service on January 11, 1969. The defendant filed his “Petition For New Trial” on January 14, 1969.
LSA-C.C.P. Article 3605 provides that a preliminary injunction “shall be effective against the parties restrained * * * from the time they receive actual knowledge of the order by personal service or otherwise.” Hence, the temporary injunction became effective when defendant received actual knowledge of the order and this was at least by January 14, 1969, the date he filed his “Petition For New Trial.”
LSA-C.C.P. Article 3607 provides in relevant part for the dissolution or modification of a preliminary injunction as follows :
“An interested person may move for the dissolution or modification of a temporary restraining order or preliminary injunction, upon two days’ notice to the adverse party, or such shorter notice as the court may prescribe. The court shall proceed to hear and determine the motion as expeditiously as the ends of justice may require.”
The pleading which defendant denominated “Petition For New Trial” must be treated as a motion to dissolve the preliminary injunction, under LSA-C.C.P. Article 3607 quoted above. Construing Articles 3605 and 3607 together, it is clear that a preliminary injunction remains in effect from the time of actual knowledge until it is dissolved or modified by further orders of the court. In the present case, the preliminary injunction remained in effect until it was set aside by the court on June 30, 1969.
Plaintiff cites Cooper v. Cooper, La.App., 158 So.2d 248 (1st Cir. 1963) and other cases which hold that the timely filing of a motion for a new trial suspends the operation of an otherwise final judgment uutil the motion is overruled. These cases are distinguished. They are decided under the general rules of appellate procedure set forth in Book III of our Code of Civil Procedure, which fix the delays for taking appeals with reference to applications for a new trial. These rules do not apply where *675 they are in conflict with the special rules pertaining to appeals of temporary restraining orders and preliminary or final injunctions. See LSA-C.C.P. Article 3612 and American Budget Plan, Inc. v. Landry, La.App., 187 So.2d 478 (4th Cir. 1966).
Plaintiff next contends that the effect of the preliminary injunction was waived by the negotiations in an attempt to have defendant plant a rice crop during the spring of 1969. This argument has no merit. Regardless of any such negotiation, the preliminary injunction remained in effect and was binding on the defendant. Plaintiff had even filed a rule against defendant to show cause why he should not be held guilty of contempt of court for violating the preliminary injunction and this rule was set for hearing on January 30, 1969, but apparently was never heard. Defendant testified that one of the reasons he did not attempt to plant a crop during 1969 was that he was prevented from doing so by the injunction. Certainly he should not be required to violate the court’s order at his risk.
The next issue concerns the defendant’s reconventional demand, under LSA-C.C.P. Article 3608, for damages for the wrongful issuance of the preliminary injunction. As to attorney’s fees, Mr. Broussard, an attorney at law, testified that a reasonable attorney’s fee would be $2,500. This is the only relevant evidence. The amount is reasonable and defendant is entitled to this attorney’s fee.
Since the preliminary injunction did not actually issue until January 3, 1969, the defendant cannot recover any damages for his inability to grow rice on the land during the years 1967 and 1968. However, it is clear that the injunction issued on January 3, 1969, prevented Wilmer from growing rice during the year 1969. He is entitled to his losses for that year. Wilmer testified that for the years 1963, 1964 and 1965 his net earnings from the rice lands in question averaged about $4,000. We will award $4,000 for inability to grow rice during 1969.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of the defendant, Wilmer Hoffpauir, and against the plaintiff, Wilfred Hoffpauir, rejecting plaintiff’s demands at his cost. It is further ordered, adjudged and decreed that there be judgment herein in favor of plaintiff in reconvention, Wilmer Hoffpauir, and against the defendant in reconvention, Wilfred Hoffpauir, for damages for the wrongful issuance of the preliminary injunction in the sum of $6,500, together with legal interest thereon from date of judicial demand until paid. All costs in the district court and of this appeal are assessed against the plaintiff appellee, Wilfred Hoffpauir.
Reversed and rendered.