AYRES, Judge.
Plaintiff, a resident of the City of Rus-ton, wherein he maintains his domicile and principal place of business, is an electrical contractor licensed by the State through the State Licensing Board for Contractors. To enable him to pursue and perform the duties of his profession or business and to qualify him therefor, plaintiff had caused himself to be assessed with and had paid to the City of Ruston a licensing tax, or fee, prescribed for the year 1972.
As such a licensed contractor, plaintiff was awarded a contract to perform the electrical work in connection with and as required in the construction and erection of a bank building in the City of Minden. Plaintiff alleged, and now contends, that the City of Minden, through its officials, agents, and employees, particularly its Commissioner of Utilities, interfered with and thwarted his work in the performance of his aforesaid contract by requiring that he pay to the City of Minden an occupational license tax allegedly contrary to and in violation of the provisions of LSA-R.S. 47:397 which prohibit the levying or collecting of such a tax, or fee, by any municipality or parish other than those in which the principal place of business of the contractor is located. Unless restrained, prohibited, and enjoined, plaintiff further contended, the defendant city and its officers and employees would not only continue to interfere with him in the performance of his work in connection with the aforesaid contract but with respect to all future electrical work available to him in the city. To prevent irreparable injury, loss, and damage, plaintiff sought injunctive relief.
A temporary restraining order was issued as plaintiff prayed for. However, upon trial of a rule for a preliminary injunction, the rule was dismissed, the injunction was denied, and plaintiff’s demands were rejected. From a judgment accordingly rendered on March 9, 1972, and signed on March 10, 1972, plaintiff, under date of March 13, 1972, applied for and was granted orders of appeal returnable to this court on or before April 3, 1972. A cash bond in the sum of $100 was posted on April 5, 1972. The record was lodged in this court on April 14, 1972.
There can be no question but that the judgment appealed relates to a preliminary injunction. Plaintiff’s action pertains only to the injunctive process — that a temporary restraining order be issued, that a rule for a preliminary injunction be likewise issued and tried, and that the injunction be granted, and, finally, that the injunction be perpetuated and made final. No other relief than that afforded by an injunction was sought. Moreover, the judgment recites:
“This cause came on to be heard on March 9, 1972, on plaintiff’s motion for a preliminary injunction * *
Appropriate to the situation now presented here is a provision of LSA-C.C.P. Art. 3612 which recites:
“An appeal from an order or judgment relating to a preliminary injunction must.be taken and a bond furnished within fifteen days from the date of the order or judgment.”
From the aforesaid chronological statement of the facts, it is clear that plaintiff’s appeal bond was not filed within the 15-day delay prescribed for such filing in the quoted portion of the statute.
In Morris v. Transtates Petroleum, Inc., La.App., 234 So.2d 243 (2d Cir. 1970), this *616 court, through Judge Dixon, now an Associate Justice of the Supreme Court, held that, where a judgment on dissolution of an order temporarily restraining a sheriff’s sale and the denial of intervenor’s request for a preliminary injunction recited that the cause came on for trial on rule to show cause why a preliminary injunction should not issue, the judgment related to a preliminary injunction and an appeal therefrom was required to be perfected within 15 days from the date of the judgment. Thus, the court was held to be without jurisdiction to grant supervisory writs more than 15 days after the judgment, notwithstanding that an appeal was filed within 15 days of the denial of intervenor’s motion for a new trial. After granting writs in the aforesaid cause, the Supreme Court pointed out, in 258 La. 311, 246 So.2d 183, 186-187 (1971):
“Since the controverted judgment was a ‘judgment relating to a preliminary injunction,’ an appeal ‘must be taken and a bond furnished within fifteen days from the date of the order or judgment’ as Article 3612 of the Code of Civil Procedure requires. Having failed to appeal timely, intervenors may not assert rights upon which a timely appeal depends by an application to the Court of Appeal for review under its supervisory jurisdiction after the delays for appeal have expired. For the Courts of Appeal to grant supervisory jurisdiction under these circumstances would render laws prescribing delays and procedure for appeals meaningless. Such a procedure would moreover impair the finality which attaches to judgments and the vested interests which accrue once the delays for appeal have elapsed.
“And we cannot count the fifteen day delay for appeal from the day the motion for a new trial was denied. Although Article 2123 of the Code of Civil Procedure, which intervenors invoke, prescribes a fifteen day delay for a sus-pensive appeal from ‘The Court’s refusal to grant a timely application for a new trial,’ the delays incident to applications for new trials have no reference to the fifteen day delay for perfecting an appeal from an order or judgment relating to preliminary injunction under Article 3612. Article 3612 on its face provides that the delay for appealing from an order or judgment relating to a preliminary injunction ‘must be taken and a bond furnished within fifteen days from the date of the order or judgment.’ [Emphasis added by the Supreme Court.] There are no exceptions to the mandate in this article, and there is no reference to applications for new trials suspending the time provided for appeal." (Emphasis supplied.)
In Louisiana State Board of Medical Exam. v. Kettmann, 221 So.2d 263, 264— 265 (La.App., 2d Cir. 1969), we had occasion to point out:
“The rule is that ‘An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment.’ (Emphasis supplied.) LSA-C.C.P. Art. 3612.
“Obviously, the appeal was neither timely taken nor perfected by the posting of an appropriate bond and must be dismissed. Certified Finance Company v. Jones, 191 So.2d 188 (La.App., 3d Cir. 1966); American Budget Plan, Inc. v. Landry, 187 So.2d 478 (La.App., 4th Cir. 1966); Hibernia National Bank of New Orleans v. Mary, 167 So.2d 200 (La.App., 4th Cir. 1964); Third District Homestead Association v. Higgins, 160 So.2d 823 (La.App., 4th Cir. 1964).
“Where an appeal is not timely taken and perfected, an appellate court has no jurisdiction over the appeal. The judgment in such an instance is final and is the property of the party in whose favor it was rendered.”
Thus, the principle is well established that however erroneous a judgment may be, when it becomes final, it is the law *617 between the parties and is the property of the person in whose favor it was rendered. From this, it is obvious that an appellate court has neither authority nor jurisdiction over it.
A rule of law is equally well established that an appellate court must, on its own motion, take notice of its want, or lack, of jurisdiction in cases coming before it and dismiss the appeals.
Reeves v. Barbe, 200 La. 1073, 9 So.2d 426 (1942); McGee v. Gasery, 185 La. 839, 171 So. 49, 51 (1936); Louisiana State Rice Milling Co. v. Gage, 162 La. 350, 110 So. 555 (1926); Cookmeyer v. Cookmeyer, 244 So.2d 78 (La.App., 4th Cir. 1970); Voth v. American Home Assurance Company, 219 So.2d 236 (La.App., 1st Cir. 1969); Adkins v. Saddler, 215 So.2d 535 (La.App., 2d Cir. 1968).
Accordingly, this appeal must be, and it is hereby, dismissed at plaintiff-appellant’s costs.
Dismissed.