MILLER, Judge.
Defendant lessee Wilmer Hoffpauir appeals the judgment cancelling his farm lease for failure to plant a crop in 1970. He admits that he did not plant a crop during 1970 but contends that plaintiff les *856 sor Wilfred Hoffpauir prevented him from cultivating the land. We affirm.
An understanding of the facts is facilitated by reading Meaux v. Hoffpauir, 219 So.2d 551 (La.App. 3 Cir. 1969) and the companion cases reported at 219 So.2d 557, 219 So.2d 558, and 219 So.2d 559; and Hoffpauir v. Hoffpauir, 254 So.2d 671 (La.App. 3 Cir. 1971).
On December 21, 1965 Wilmer was granted a ten year farm lease affecting 144 acres owned by his mother Mrs. Allie Hoffpauir. The lease was recognized by his brother Wilfred. Wilfred bought the land from his mother on January 10, 1967. On September 5, 1969 Wilfred amended his pleadings (in a suit filed in 1967) to seek cancellation of Wilmer’s lease for failure to cultivate a crop in 1969. In that case we held that Wilfred effectively prevented Wilmer from planting a 1969 crop by obtaining a preliminary injunction which prevented Wilmer from going on the land from January 3, 1969 until June 30, 1969. It was held that Wilfred could not prevent Wilmer from planting a crop, and at the same time cancel the lease because Wilmer failed to farm the land. Hoffpauir v. Hoffpauir, 254 So.2d 671 (La.App. 3 Cir. 1971).
On December 22, 1971 Wilfred filed this suit to cancel the lease on the grounds that Wilmer failed to plant a crop in 1970. Wilmer filed exceptions which the trial court properly overruled. Wilmer’s answer to the merits admitted that he did not farm the property in 1970 but contended that Wilfred prevented him from farming the tract.
The issue is: Did Wilfred prevent Wilmer from planting the 1970 crop?
There is no manifest error in the trial court’s determination that Wilmer failed to show that Wilfred interfered with lessee’s right to farm the tract during 1970.
Wilmer’s counsel wrote to Wilfred during 1970 stating that he understood that
Wilmer had the right to farm the tract during 1970. This was not denied by Wilfred or his counsel.
Wilmer testified on several ocpasions that the only reason he did not farm the 1970 crop was because the injunction prohibited him from farming. But the injunction was cancelled in June of 1969 and Wilmer admitted that he knew that it was cancelled at that time.
On another occasion Wilmer testified that he could not farm the land in 1970 because Wilfred was grazing cattle on the 144 acre tract. This was denied by Wilfred and there is no manifest error in the trial court’s rejection of Wilmer’s unsupported statement. Indeed, Wilmer was working as a painter in another section of the state during 1970, and was therefore unable to support his testimony.
Wilmer’s counsel argues that the extensive litigation concerning the numerous disputes between Wilmer and Wilfred have reduced his client to financial ruin and that Wilmer could not afford to farm the 1970 crop. The record shows that a farm loan was available to Wilmer but he made no attempt to complete the loan.
No other reason has been urged to support Wilmer’s contention that Wilfred prevented him from farming the 1970 crop.
Lessee’s failure to fulfill the lease agreement, in this case his failure during 1970 to raise a rice crop on farm land which he had leased, is legal cause for dissolution of the ten year farm lease. LSA-C.C. Art. 2729; Lillard v. Hulbert, 9 So.2d 852 (La.App. 1 Cir. 1942).
Lessor’s claim for damages resulting from lessee’s failure to plant a 1970 crop was denied by the trial court. Although lessor answered the appeal to seek these damages, this issue was not briefed. The trial court’s factual determination will not be disturbed absent manifest error. Richard v. National U. F. Ins. Co. of Pittsburgh, Pa., 189 So.2d 460 (La.App. 3 *857 Cir. 1966). We find no manifest error in the trial court’s rejection of lessor’s claim.
The trial court inadvertently cancelled the lease effective January 1, 1970. Since the cancellation was for failure to plant a crop during the year 1970, the farm lease should have been cancelled effective December 31, 1970.
The judgment is amended to cancel the ten year farm lease effective December 31, 1970, and as thus amended it is affirmed. Costs of this appeal are assessed equally to both parties.
Amended and affirmed.