282 So.2d 578 (1973)
Lucien EYRAUD et al., Plaintiffs-Appellants,
v.
COMMISSION ON ALCOHOLIC BEVERAGE CONTROL for the State of Louisiana and Virgil D. Joffrion, Commissioner of the Commission on Alcoholic Beverage Control, Defendants-Appellees.
No. 9658.
Court of Appeal of Louisiana, First Circuit.
September 5, 1973.
Michael Silvers and Ronald Tanet, New Orleans, for plaintiffs-appellants.
Robert L. Roshto, Baton Rouge, for defendants-appellees.
Before LOTTINGER, ELLIS and BLANCHE, JJ.
LOTTINGER, Judge.
This matter is before us at this time as the result of an Ex proprio motu show *579 cause order issued by this Court questioning the jurisdiction of this Court on this appeal.
The instant appeal was taken from the Trial Court's refusal to grant the plaintiffs-appellants a preliminary injunction which would have enjoined the Commission on Alcoholic Beverage Control from enforcing ABC Regulation No. XIII.
The appellants filed their petition requesting the preliminary injunction on March 16, 1973, and a rule nisi was fixed for March 22. After hearing the evidence and argument of counsel, the Trial Court submitted written reasons for judgment on March 29. A written judgment denying the preliminary injunction was signed on April 12, and it is from that judgment that the appellants have taken their appeal.
The order of appeal was signed on April 23, 1973 in which order the Trial Court set the amount of the bond at $500.00. However, the bond was not filed until June 15, 1973.
The time limitation for perfecting an appeal in this case is determined by C.C.P. Art. 3612, which provides that "an appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment." It is clear that both the order of appeal and the filing of the appeal bond must be accomplished within the fifteen day period. Morris v. Transtates Petroleum, Inc., 234 So.2d 243 (La.App. 2nd Cir. 1970), aff., 258 La. 311, 246 So.2d 183; La. State Board of Medical Examiners v. Keetmann, 221 So.2d 263 (La.App. 2nd Cir. 1969).
The timely filing of the appeal bond is absolutely essential since the jurisdiction of the appellate court is dependent upon that act. C.C.P. Art. 2088 provides that "the jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the timely filing of the appeal bond...."In similar cases, this Court has ruled that when the appeal bond was not filed timely it was without jurisdiction, and therefore, the appeal must be dismissed. Phillips v. Bergeron, 263 So. 2d 72 (La.App. 1st Cir. 1972); Mathews v. Travelers Insurance Company, 234 So.2d 468 (La.App. 1st Cir. 1970).
It is evident from the above that the bond was not timely filed.
For the reasons assigned, the appeal is accordingly dismissed at appellants' cost.
Appeal dismissed.