ON APPLICATION FOR REHEARING
PER CURIAM.
Dravo Basic Materials Co. Inc. has filed an application for rehearing, contending in essence, that the preliminary injunction issued by the trial court and affirmed by this court is now moot since on the day of the trial court’s order, Dravo obtained new leases from the State of Louisiana under the public bidding process. They reason therefore, that they need not relitigate and prove to the world that the new leases are valid. Dravo apparently ignores the fact that they are still under a preliminary injunction “until such time as the rights to take such shells and shell deposits are • awarded to the respective parties by the Louisiana Department of Wildlife and Fisheries and the State of Louisiana after compliance with the Louisiana Public Bid Laws
Until such time as that injunction is legally dissolved, Dravo must obey the mandate of the Court. C.C.P. art. 3607 Hoffpauir v. Hoffpauir (La.App. 3rd Cir.1971), 254 So.2d 671, writ denied; 260 La. 452, 454, 256 So.2d 440, 441. (1972).
We have also considered Dravo’s other arguments for rehearing and find they are meritless.
For the above reasons, rehearing is denied.