bSHORTESS, C.J.
Cheryl Jean Williams is a registered nurse and worked at four home-health agencies from May 25, 1995, to December 3, 1996. In 1997, Williams (plaintiff) was the subject of disciplinary action by the Louisiana State Board of Nursing. After a hearing, the Board of Nursing ordered the revocation of her license as a registered nurse and assessed a $10,000.00 fine against her. On May 28, 1997, plaintiff filed a petition for a temporary injunction “restoring her license as a Registered Nurse and prohibiting the Board of Nursing from publishing, disseminating, or otherwise broadcasting the decision of the Board of Nursing until such time as a final judgment is rendered, after all appeals are had.” On May 29, 1997, the court issued a temporary restraining order that stayed the revocation of plaintiffs license. The Board of Nursing (defendant) filed a motion and order to dissolve the temporary restraining order and requested attorney fees and damages. The court subsequently vacated the temporary restraining order that stayed the revocation of plaintiffs license.
On June 9, 1997, a hearing was held on plaintiffs request for a preliminary injunction. Plaintiff filed a petition for judicial review and a request for stay and other relief on June 10, 1997. A written judgment denying the preliminary injunction was signed on June 27, 1997, finding that plaintiff failed to *579 meet the burden of proof establishing that she would suffer irreparable injury unless defendant’s action of revoking her nursing license was enjoined, and that her only remedy to address defendant’s action was through an administrative appeal. On that same date, the court signed an order rejecting plaintiffs request for an order to stay the revocation of her nursing license by defendant. However, the court did stay the collection of the fine imposed by defendant. Plain-' tiff appeals both judgments.
The motion and order of appeal was signed on August 28, 1997, granting the motion in “accord[ance] w[ith the l]aw.” However, evidence of an appeal bond was not in the record.[1]
An appeal from an order relating to a preliminary injunction is authorized by Louisiana Code of Civil Procedure article 3612, which states as follows:
There shall be no appeal from an order relating to a temporary restraining .order.
(¡An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction, but such an order or judgment shall not be suspended during the pendency of an appeal unless the court in its discretion so orders.
An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. The’ court in its discretion may stay further proceedings until the appeal has been decided.
Except as provided in this article, the procedure for an appeal from an order or judgment relating to a preliminary or final injunction shall be as provided in Book III.
(Emphasis added.)
It is clear from Code of Civil Procedure article 3612 that both an order of appeal and the filing of the appeal bond must be accomplished within the fifteen-day period in order to be in “accord[ance] w[ith the l]aw.” Article 3612 provides that, unlike the regular devolutive appeal, which no longer requires a bond, an appeal from an injunction does require such security and is therefore a specific exception.[2] The timely filing of the appeal bond is absolutely essential since the jurisdiction of the appellate court is dependent upon that act.[3] In similar cases, this court has ruled that when the appeal bond was not filed timely it was without jurisdiction, and therefore, the appeal must be dismissed.[4]
It is evident from the record the appeal bond was not filed. Therefore, the appeal is dismissed at plaintiffs cost.[5]
DISMISSED.

. The records of the Nineteenth Judicial District Court confirm that no appeal bond was filed.

. Camp, Dresser & McKee v. Steimle & Assoc., 620 So.2d 363, 365 (La.App. 5th Cir.), writ denied, 623 So.2d 1306 (La.1993).

. Eyraud v. Commission on Alcoholic Beverage Control, 282 So.2d 578, 579 (La.App. 1st Cir.1973).

. Id.

. Defendant filed a motion to strike appendices; however, based upon the above, the motion is rendered moot.