ON APPLICATION FOR WRIT OF CERTIORARI
11 JOHNSON, J.,
would grant the writ and remand this case to the court of appeal for supervisory review for the following reasons:
Cheryl Jean Williams is a registered nurse, licensed by the Louisiana State Board of Nursing (hereinafter the “Board”). On January 16, 1997, the Board filed charges against her. After a disciplinary proceeding held on May 14, 1997, the Board ordered the revocation of her license to practice nursing and imposed a $10,000 fine against her. The trial court denied plaintiffs request to enjoin the revocation of her license. The court of appeal dismissed plaintiffs appeal without considering the merits. See Williams v. Louisiana State Board of Nursing, 97-CA-2658, (La.App. 1 Cir. 12/28/98), 727 So.2d 578; rehearing denied 3/4/99.
The court of appeal concluded that it was without jurisdiction because the appeal bond was not filed timely. However, at least one circuit has noted that by using the word “may,” rather than “shall,” LSA-C.C.P. art. 3612 has left open the possibility that a preliminary injunction may be reviewed under the court’s supervisory, rather than appellate, jurisdiction. See City of New Orleans v. Benson, 665 So.2d 1202 (La.App. 4 Cir., 1995); Mik-Lee, Inc. v. City of New Orleans, 581 So.2d 261 (La.App. 4 Cir., 1990), writ denied 576 So.2d 28 (La.1991).
This case involves the denial of a preliminary injunction. Although the appeal was not properly perfected, the court of appeal has the authority to exercise its supervisory jurisdiction and hear the merits of the case.
In my opinion, it is grossly unfair to deprive this litigant of her ability to practice her profession without giving her the benefit of a fair hearing. The Board’s refusal to provide plaintiff and her attorney with the names of the patients whose testimony formed the basis of the charges against her violates her fundamental right to confront her accusers. A license to practice one’s profession is a basic property right which cannot be taken away without satisfying due process.
IgTherefore, I would grant the writ, vacate the court of appeal’s order to dismiss ' the appeal, and allow this litigant the opportunity to have her case decided on its merits.