BGREMILLION, Judge.
The Defendant-Appellant, A.A., appeals the judgment of February 19, 2002, terminating her parental rights. Upon the lodging of the record in this appeal, this court issued a rule on its own motion for the Appellant to show cause by brief only why the appeal in this matter should not be dismissed as untimely. For the reasons discussed in this opinion, we dismiss this appeal.
The trial court signed a judgment on February 19, 2002, terminating the Appellant’s parental rights. Notice of the rendition of this judgment was mailed to the Appellant’s counsel on February 21, 2002.
On March 14, 2002, the attorney of record for the Appellant was Harold D. Register, Jr. Register, on behalf of his client, filed a Notice of Intention to Apply to the Court of Appeal Third Circuit, State of Louisiana for Writ of Review. However, the typewritten order at the conclusion of this document was scratched through, and handwritten in its place was the statement, “will supply new order”. Underneath this handwritten notation was the date March 12, 2002, followed by the trial court’s signature. A notation appears on the back of this document indicating that the district court clerk’s office mailed a copy of the foregoing to all counsel of record on March 15, 2002.
Subsequently, on March 18, 2002, Register filed a Motion to Withdraw as Counsel of Record. ■ The order granting the withdrawal was signed by the trial court on this same date. No other motion requesting an order setting the time within which to file a writ application was filed with the trial court nor was any writ application ever filed with this court in this matter.
On May 21, 2002, a hearing was held before the trial court. The minutes | ?of the hearing reflect that the matter was set to hear a rule to show cause why the appeal should not be dismissed. The minutes state the following events:
The state advised the court that the mother was previously represented by Harold Register. Mr. Register has filed a motion to withdraw, to which the court allowed the withdrawal. Before the withdrawal was signed Mr. Register filed a notice of intent to apply for writ of review, but since then has never gone forward with the appeal. The state feels that it is not the mother’s fault and is willing to allow her to file for an appeal but would like the court to order the appeal to be filed within a certain amount of days, to which the court allowed the mother thirty (30) days to file her appeal.
The Appellant filed her motion for appeal in proper person on June 7, 2002. The trial court signed the order granting the. appeal on June 11, 2002. The record was lodged in this court on August 21, 2002, and on this date, this court issued the rule under consideration herein for the Appellant to show cause why her appeal should not be dismissed as untimely. Having received no response to our rule, we hereby render our opinion.
The delay for seeking an appeal from a judgment terminating paternity is provided by La.Ch.Code art. 332:
*596 A. Except as otherwise provided within a particular Title of this Code, appeals shall be taken within fifteen days from the signing of a judgment or from the mailing of notice of the judgment when required. However, if a timely application for a new trial is made pursuant to Paragraph C, the delay for appeal commences to run from the date of the mailing of notice of denial of the new trial motion.
B. Notice of judgment, including notice of orders or judgments taken under advisement, shall be as provided in the Code of Civil Procedure, except no notice is required for counsel or parties not represented by counsel who are present when the judgment is rendered and signed.
C. After judgment is signed, a party may make a written request for a motion for new trial on any ground provided by law. The delay for applying for a new trial is three days, exclusive of | «holidays, and shall commence to run from the signing of the judgment or the mailing of notice of judgment, when required. A motion for new trial shall be decided expeditiously and within seven days from the date of submission for decision.
We agree with the holding in State in Interest of K.B., 30,358 (La.App. 2 Cir. 8/21/97); 698 So.2d 761, that no specific provision in the Children’s Code sets a different time delay for an appeal from a judgment terminating paternity than that provided in Article 332, and that the delays provided by La.Code Civ.P. arts.2087 and 2123 are inapplicable to judgments governed by the Children’s Code.
In the instant case, notice of the trial court’s February 19 judgment terminating the Appellant’s paternal rights was sent by the clerk’s office on Thursday, February 21, 2002. No motion for new trial was filed. Therefore, an appeal from the judgment of termination had to be taken by no later than Friday, March 8, 2002, to be timely. The motion for appeal filed on June 7, 2002, was clearly untimely.
The court minutes of May 21, 2002, reflect that counsel for the Appellee, the State of Louisiana, expressed the desire to allow the Appellant an extension of the time within which to take an appeal, and the trial court acquiesced in the Appellee’s request. However, the defect of not taking an appeal timely is jurisdictional, and neither counsel, the trial court, nor the appellant court has the authority to extend this delay. Hawkins v. Shropshire, 275 So.2d 821 (La.App. 4 Cir.1973). This rule has been uniformly applied, even to a judgment arising in the context of a juvenile matter. State in Interest of Johnson v. Johnson, 303 So.2d 617 (La.App. 4 Cir. 1974) (wherein the appellate court held that the appeal was untimely even though the appellants argued that they had been Lmislead into not filing a timely appeal by the stay orders granted by the appellate courts). Thus, we hold that the trial court’s order granting the Appellant a time period in excess of that set by the controlling statute was ineffectual.
Finally, this court would comment on the notice filed by the Appellant’s former counsel that an application for supervisory review of the subject judgment would be filed. An application for supervisory review must be filed before the expiration of the delay for seeking an appeal. Morris v. Transtates Petroleum, Inc., 258 La. 311, 246 So.2d 183 (La.1971). The notice of intent to seek supervisory review in this case was not filed by the Appellant’s counsel until March 14, 2002. This court has already stated that a timely appeal in this case would have had to have been taken no later than March 8, 2002. Therefore, the filing of the notice of intent *597 to seek supervisory review can have no effect on the Appellant’s right to obtain review of the judgment terminating her parental rights as this judgment had become final and definitive before the notice of intent was filed into the record.
For the foregoing reasons, we hereby dismiss this appeal at the Appellant’s cost.

APPEAL DISMISSED.