NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1241

KATHANELL MEYERS

VERSUS

MARK MEYERS

**********
APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 69,672
HONORABLE J. LARRY VIDRINE, DISTRICT JUDGE

**********
DAVID E. CHATELAIN[*]
JUDGE

**********

Court composed of J. David Painter, Shannon J. Gremillion, and David E. Chatelain, Judges.

APPEAL DISMISSED.

Anthony C. Dupre
Attorney at Law
Post Office Drawer F
Ville Platte, Louisiana 70586
(337) 363-3804
Counsel for Plaintiff/Appellee:
        Kathanell Meyers

_____

[*]Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**C. Brent Coreil**
**Attorney at Law**
**Post Office Drawer 450**
**Ville Platte, Louisiana  70586**
**(337) 363-5596**
**Counsel for Plaintiff/Appellee:**
    **Kathanell Meyers**

**Glenda Huddleston**
**Decuir & Huddleston**
**214 E. Washington Street**
**New Iberia, Louisiana  70560**
**(337) 365-2336**
**Counsel for Defendant/Appellant:**
    **Mark Meyers**

**CHATELAIN, Judge.**

The plaintiff/appellee, Kathanell Meyers, moves to dismiss the appeal by the defendant/appellant, Mark Meyers, as untimely filed. For the reasons given below, we grant the motion and dismiss the appeal.

The trial court signed a written judgment on July 19, 2010. This judgment awarded joint custody of the couple's minor child; set the monthly child support amount to be paid by the defendant to the plaintiff retroactive to the filing of the petition; made all arrearages immediately executory; set the amounts due for health insurance, medical and dental expenses, and school tuition; and established that the plaintiff will be permitted to claim the minor as a dependent for purposes of state and federal income taxes. Additionally and in connection with this judgment, the trial court signed a Joint Custody Implementation Plan and an Immediate Income Assignment Order Pursuant to La.R.S. 9:303.

The defendant filed a timely motion for new trial on July 29, 2010. However, the trial court denied this motion by a judgment signed on July 30, 2010. Notice of judgment was mailed by the district court clerk's office to counsel for the parties on August 2, 2010.

On September 3, 2010, the defendant filed a Notice of Intent to Appeal, and the order granting the appeal was signed by the trial court that same day. This appeal was subsequently lodged in this court, and the plaintiff filed a motion praying for a dismissal of this appeal, asserting that the appeal was untimely perfected pursuant to La.Code Civ.P. arts. 3942 and 3943.

Louisiana Code of Civil Procedure Article 3943 states, in pertinent part, "[a]n appeal from a judgment awarding custody, visitation, or support of a person can be

1

taken only within the delay provided in Article 3942." Louisiana Code of Civil Procedure Article 3942(A) states, "[a]n appeal from a judgment granting or refusing an annulment of marriage or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(A)(1)-(3)."

In the present case, the defendant filed a motion for new trial, which the trial court denied. On August 2, 2010, the district court clerk's office mailed notice of judgment. Therefore, pursuant to La.Code Civ.P. art. 2087(A)(2), the delay for seeking an appeal in this case began on August 2, 2010. Pursuant to La.Code Civ.P. arts. 3942 and 3943, then, the defendant had to file his motion and order for appeal within thirty days of August 2, 2010, which was September 1, 2010. However, the defendant did not file his Notice of Intent to Appeal until September 3, 2010.

The defendant asserts that the above-cited statutes are confusing and ambiguous. Contrary to this argument, we find that the statutes applicable to the case *sub judice* are clear and unambiguous. Therefore, we find this argument has no merit.

As an alternative argument, the defendant raises issues pertaining to the mailing of the notice relative to the trial court's signing of the final judgment on custody, visitation, and support. These issues would be pertinent were the timeliness issue in the present case to pertain to the timely filing of the motion for new trial; however, the motion for new trial in this case was clearly filed timely. As pointed out by the plaintiff in response to this argument, in this instance the salient date for purposes of starting the appeal delays is the date the clerk's office mailed notice of the denial of the motion for new trial. The defendant does not contest that this notice was properly mailed and received.

2

Finally, the defendant advances arguments against the merits of the trial court's decision to deny his motion for new trial. These arguments are immaterial to whether this court has appellate jurisdiction. While this court agrees with the defendant's contention that appeals are favored, this court is without the authority to extend the time period within which an appeal can be perfected. *State ex rel. E.A.*, 02-996 (La.App. 3 Cir. 10/2/02), 827 So.2d 594. The appeal in the present case was untimely taken and must be dismissed at defendant's cost.

**APPEAL DISMISSED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.