NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 14-281


DAVID LUXEMBURG

VERSUS

SKYLINE ELEVATORS


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 10-06644
SAM L. LOWERY, WORKERS COMPENSATION JUDGE

**********

JOHN D. SAUNDERS

JUDGE

**********

Court composed of John D. Saunders, Billy H. Ezell, and Phyllis M. Keaty, Judges.


APPEAL DISMISSED.


John Craig Jones
Attorney at Law
131 Hwy 165 South
Oakdale, LA 71463
(318) 335-1333
COUNSEL FOR PLAINTIFF/APPELLEE:
    David Luxemburg

**Lawrence Bernard Frieman**
**Juge, Napolitano, Guilbeau**
**330 N. New Hampshire Street**
**Covington, LA 70433**
**(504) 831-7270**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Skyline Elevators**

**SAUNDERS, Judge.**

This court, on its own motion, issued a rule for the defendant-appellant, Skyline Elevators[1], to show cause by brief only why the appeal in this case should not be dismissed as untimely filed.  The defendant has filed a brief in response to this rule.  For the reasons assigned, we dismiss this appeal.

Following trial on the merits of this case, the Office of Worker's Compensation (OWC) judge signed an Amended Judgement on May 9, 2013.  Notice of the signing of this judgment was mailed to all counsel of record on May 14, 2013.  The record reflects that the defendant filed its Motion and Or[d]er for New Trial for Reargument Only on May 31, 2013.[2]

The defendant's motion was set for hearing for June 20, 2013.  The OWC judge took the matter under advisement that day and set post trial briefing delays.  Again, a hearing was held in this matter on August 1, 2013, and at this hearing in open court, the OWC judge denied the motion for new trial and also denied a motion to strike.

The OWC judge signed a written judgment denying the motion to strike and the motion for new trial on October 7, 2013.  Notice of this judgment was mailed on October 9, 2013.  The defendant filed its motion for suspensive appeal on

---

[1] The judgment in this case was rendered against Clayco, Inc. d/b/a Skyline Elevators.

[2] In its brief in response to this court's rule, the defendant states that it filed this motion via facsimile filing on May 28, 2013; we note, however, that the record does not contain such a facsimile filing.  Were this fact to make a difference, this court would have had to have remanded this matter to the trial court for the conducting of an evidentiary hearing for the purpose of establishing of record this filing.  However, even if this court assumes that the earlier date of May 28 is applicable, the result is the same because, as admitted by the defendant in their brief to this court, the delay for seeking a new trial expired before this earlier date as well.

October 21, 2013. The OWC judge signed the order granting the appeal on October 28, 2013.

As noted above, this court issued a rule for the defendant to show cause, by brief only, why its appeal should not be dismissed as untimely filed. In the response to this rule, the defendant admits that its motion for new trial was not timely filed. Nevertheless, the defendant advances a myriad of arguments for why its appeal should be maintained.

> The delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.

Louisiana Code of Civil Procedure Art. 1974.

> A. Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of any of the following:
>
> (1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, **if no application has been filed timely**.
>
> (2) The date of the mailing of notice of the court's refusal to grant a **timely** application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.

Louisiana Code of Civil Procedure Art. 2123 (emphasis added). *See* La.Code Civ.P. art. 2187(A) (setting similar deadlines for the filing of a devolutive appeal).

While acknowledging that the foregoing provisions would ordinarily result in the dismissal of the instant appeal as untimely, the defendant relies on the principle that appeals are favored in this state and that appeals are to be maintained if at all possible, especially over the technical application of procedural rules. Thus, the defendant accurately notes that appeals are to be dismissed only when the ground for the dismissal is without doubt.

2

Defendant further argues that the dismissal of its appeal would be inequitable and would not serve the interests of justice in this case. In essence, the defendant contends that it was misled by the trial court's setting of the motion for hearing, rather than denying the motion as untimely filed. Defendant also points out that neither the trial court nor the plaintiff raised the untimeliness of the motion as a basis for its denial. Rather, the trial court heard the motion for new trial on the merits, set post trial briefing delays, held a second hearing, and finally issued a ruling denying the motion on the merits instead of denying it on the procedural ground that the motion was untimely filed.

In addition to the foregoing arguments, the defendant also avers that the trial court further misled the defendant by violating La.Code Civ.P. art. 1979. This article requires that a trial court rule on a motion for new trial within ten days of its submission for decision, unless that time period is extended through written consent or stipulation by the parties. Since the parties did not agree to an extension of this time, the defendant contends that, through the actions of the trial court, it waited too long to file its motion for appeal.

Noticeably lacking in the defendant's brief is any jurisprudence supporting its assertion that the trial court's violation of Article 1979 results in an extension of the time that a party has to perfect their appeal. To the contrary, this court notes that in *Guillot v. Consolidated Freightways*, 583 So.2d 113 (La.App. 5 Cir. 1991), also a worker's compensation action, an untimely motion for new trial was granted by the trial judge and a new final judgment signed. Regardless, the fifth circuit dismissed the appeal as untimely noting that an untimely filed motion for new trial has no legal effect and cannot extend the delay for seeking an appeal.

3

We find that the articles setting the time delay for an appeal are without ambiguity that only a **timely** motion for new trial affects the delays for seeking an appeal. When an appeal is not timely perfected, the appellate court is without jurisdiction to hear the appeal. *Seaman v. Seaman*, 2010-1295 (La.App. 3 Cir. 12/15/10), 54 So.3d 756. Furthermore, since the delay for taking an appeal is jurisdictional, the parties, the trial court, nor the appellate court can extend these delays. *State in the Interest of E.A.*, 2002-996 (La.App. 3 Cir. 10/2/02), 827 So.2d 594. Accordingly, we find the defendant's equitable arguments without merit. Therefore, we dismiss this appeal at defendant-appellant's cost.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.