NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 16-130


SHEILA MINOR

VERSUS

FREDDY MANGO


**********

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 39909
HONORABLE JOHN C. REEVES, DISTRICT JUDGE

**********

JOHN E. CONERY

JUDGE

**********

Court composed of Sylvia R. Cooks, Billy H. Ezell and John E. Conery, Judges.


APPEAL DISMISSED.



David L. Wallace
Attorney at Law
Post Office Box 489
DeRidder, LA 70634
(337) 462-0473
COUNSEL FOR DEFENDANT/APPELLANT:
    Freddy Mango

**Myisha R. Davis**
**Post Office Box 298**
**Jonesville, LA  71373**
**(318) 758-4089**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Sheila Minor Dye**

**CONERY, Judge.**

On February 26, 2016, this court issued a rule ordering appellant, Freddy Mango, to show cause, by brief only, why the instant appeal should not be dismissed as untimely. For the reasons which follow, we dismiss the appeal.

The instant matter arises from a custody dispute involving the biological child of Mango and appellee, Sheila Minor, now Dye. Mango and Dye are the biological parents of Freddy Mango, Jr., born on October 13, 2000. In a Consent Stipulation dated April 14, 2006, the parties agreed to joint custody of the child with Dye designated as domiciliary parent.

On July 29, 2015, Mango, who resides in Beauregard Parish, filed a Rule for Modification of Prior Consent Custody Judgment, seeking to be designated as domiciliary parent. Following a hearing on September 4, 2015, the trial court ordered Dye, who resides in Concordia Parish, to continue as domiciliary parent. All existing orders were to remain in full force and effect. A written judgment was signed and notice of judgment was mailed to the parties on October 15, 2015.

Mango filed a Petition and Order for Appeal on December 1, 2015, seeking a devolutive appeal from the October 15, 2015 judgment. When the record was lodged in this court, a rule to show cause was issued to Mango to show cause, by brief only, why the appeal of the judgment naming Dye as domiciliary parent of Freddy Mango, Jr., should not be dismissed as untimely. *See* La.Code Civ.P. art. 3943.

Counsel for Mango, David L. Wallace, timely filed a brief in this court, stating therein that he verbally told his staff the wrong time frame within which to file Mango's motion for appeal; thus, it was his mistake. Further, Wallace asks this court to consider in mitigation, not as an excuse, the fact that as District

2

Defender for the Office of the Public Defender, Thirty-Sixth Judicial District, Beauregard Parish, he had been preparing for a homicide case that was recently tried. Counsel urges this court to grant Mango an out of time appeal.

Pursuant to Article 3943, "An appeal from a judgment awarding custody, visitation, or support of a person can be taken only within the delay provided in Article 3942," specifically, thirty days. In the instant matter, the written judgment was signed and notice of judgment was sent on October 15, 2015. Also, Mango did not move for a new trial. Mango's motion for appeal, however, was filed on December 1, 2015, after the delays had expired for applying for a new trial or an appeal. Accordingly, we find that Mango's motion for appeal was filed untimely.

Further, as noted by this court in *Seaman v. Seaman*, 10-1295, p. 6 (La.App. 3 Cir. 12/15/10), 54 So.3d 756, 760, "[N]either the trial court nor the appellate court has the authority to extend the delays for seeking an appeal since the timeliness of an appeal is a jurisdictional issue. *See State in the Interest of E.A.*, 2002-996 (La.App. 3 Cir. 10/2/02), 827 So.2d 594 (appeal dismissed even though the state, as appellee, did not oppose the court maintaining the appeal of the mother whose parental rights had been terminated)." As such, we cannot extend the delay that Mango had to perfect his appeal in this matter; thus, the appeal must be dismissed.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.