NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 18-416

THE SANCHEZ LAW FIRM, LLC

VERSUS

HABIBE M. SHERMAN

**********

APPEAL FROM THE
LAKE CHARLES CITY COURT
PARISH OF CALCASIEU, NO. 17-2256
HONORABLE H. WARD FONTENOT, JUDGE AD HOC

**********

SHANNON J. GREMILLION

JUDGE

**********

Court composed of Shannon J. Gremillion, John E. Conery and Van H. Kyzar, Judges.

APPEAL DISMISSED.

**Walter M. Sanchez**
**Alexander L. H. Reed**
**The Sanchez Law Firm**
**1200 Ryan Street**
**Lake Charles, LA 70601**
**(337) 433-4405**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **The Sanchez Law Firm, LLC**

**Habibe M. Sherman**
**324 Oxford Court**
**Lake Charles, LA 70605**
**(337)540-4863**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **In Proper Person**

**GREMILLION, Judge.**

This court, on its own motion, issued a rule for the Defendant/Plaintiff-in-Reconvention/Appellant, Habibe M. Sherman, appearing pro se, to show cause by brief only, why her appeal should not be dismissed as untimely filed. Ms. Sherman filed a brief in response to this court's rule to show cause. For the reasons explained herein, we dismiss the appeal with prejudice at Ms. Sherman's cost.

Plaintiff/Defendant-in-Reconvention/Appellee, The Sanchez Law Firm, L.L.C. (Sanchez), filed a Petition for Money Judgment against Ms. Sherman. Ms. Sherman answered the petition and advanced a reconventional demand against Sanchez. However, Sanchez filed a motion and obtained dismissal of the principal demand, leaving only the reconventional demand to be decided by the trial court. Also, Ms. Sherman filed an amended reconventional demand which, among other things, lowered the monetary demand below the jurisdictional limit of the city court.

Following the trial of the reconventional demand, the trial court signed a written judgment dismissing Ms. Sherman's demand on February 28, 2018. Notice of this judgment was sent by the city court clerk's office on the same date, and personal service was accomplished on Ms. Sherman on March 9, 2018. No motion for new trial was filed.

Ms. Sherman filed her Motion for Appeal on March 28, 2018. The trial court granted the Order of Appeal on March 29, 2018. Upon the lodging of the record in this appeal in this court, we issued the subject rule for Ms. Sherman to show cause why her appeal should not be dismissed as untimely filed, citing La.Code Civ.P. art. 5002.

Louisiana Code of Civil Procedure Article 5002 reads:

> A. An appeal from a judgment rendered by a city court . . . may be taken only within ten days from the date of the judgment or from the service of notice of judgment, when such notice is necessary.

B. When an application for new trial is timely filed, however, the delay for appeal commences on the day after the motion is denied, or from service of notice of the order denying a new trial, when such notice is necessary.

As previously stated, no motion for new trial was filed in this case. Ms. Sherman states in her response to this court's rule that she thought that her motion for appeal was filed timely, but she also expressed that she was suffering from various health-related problems during this time period. While this court is not unsympathetic to this pro se litigant's health problems, the untimeliness of an appeal is a jurisdictional defect. "[T]he defect of not taking an appeal timely is jurisdictional, and neither counsel, the trial court, nor the appellant court has the authority to extend this delay." *See State in the Interest of E.A.*, 02-996, p. 3 (La.App. 3 Cir. 10/2/02), 827 So.2d 594, 596 (citations omitted).

Ms. Sherman's motion for appeal was filed well beyond the delay set forth in La.Code Civ.P. art. 5002. Therefore, this court hereby dismisses Ms. Sherman's appeal, with prejudice, at her cost.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.